Ruffin, C. J.
 

 The cause has been brought to a hearing upon the pleadings and proofs and the master’s re
 
 *126
 
 port, as to the state of the personal assets. The assignment to the plaintiff of the judgment or decree obtained by the defendants, Charity, Penelope, and Sarah, against their father’s administrator, is admitted in the answers ; and it is established by the evidence, that the plaintiff gave the guardian the full value of it by transferring to him a debt of another person, from whom, the guardian took a satisfactory security. The plaintiff, therefore, is clearly entitled to the decree he asks in respect of this demand. The Court so said, when the case was before us at law, upon the ground, that there was no remedy at law, and this Court would not let a just debt be lost for the want of a fit legal remedy. Without recurring, therefore, to the general jurisdiction of a Court of Equity to entertain a creditor’s bill against the personal and real representatives for a discovery and account of the personal apd real estates, and for payment out'of the former, if sufficient, and, if not, out of the latter, the particular circumstances of the present ease, constitute a clear one for satisfaction to be decreed in this Court out of the lands descended from the debtor. Of course
 
 there is
 
 nothing in the objections taken in the answer, that the plaintiff took the assignment from a bad motive, and attempted to use it injuriously and oppressively to the heirs ; for the sale was vacated, and the possession of the land surrendered by the plaintiff. That matter is therefore now out of the case ; and, as to the assignment, it could not, in a legal sense, be injurious to the heirs, as it subjected them to the payment of neither more nor less, whoever might be the owner of the judgment. The Court uses the occasion, as a fit one, to express a disapprobation of bringing forward, in the pleadings, matter so entirely irrelevant, and suggests to pleaders that it is well calculated to impair a professional reputation, thus to interlard bills and answers with unavailing epithets, and with matters, that have no bearing whatever on the controversy.
 

 
 *127
 
 With respect to the other debts, which were assigned to the plaintiff by Sims and Phillips, no observations are necessary, further than to say, that it does not appear, that there have been any proceedings at law, against the heirs on them, and that it is understood the defendants prefer, if the plaintiff could get a decree for the payment of the other debt, that these two should be added, so as to diminish the expense, and terminate the litigation.
 

 Upon these grounds it must be declared, that the plaintiff is the assignee and owner of the three judgments mentioned in the pleadings, and is entitled to have the money due on them for principal, interest, and costs at law, and also the costs of this suit, satisfied out of the lands descended from the intestate and described in the pleadings, subject to a deduction for the clear profits made, or that might have been made by the plaintiff from the said land, while it was occupied by him, as in the pleadings mentioned. And it must be referred to the master to enquire what sums are due to the plaintiff in the premises, after deducting the profits of the land.
 

 Per Curiam.
 

 Decree accordingly..