## SUPREME COURT.

### Elizabeth Wooden agt. William W. Strew.

Where the allegations in the complaint consisted of averments of the occurring of various distinct acts, conversations, omissions, and intentions of the defendant, tending to show that he. committed the fraudulent act for which he was prosecuted, each of these allegations asserting the occurrence of a circumstance that would be relevant testimony upon the trial of the cause, but neither of them, nor all combined, constituted the fraudulent act itself—*held*, to be *irrelevant* and *redundant*.

Because they would give to the complaint the effect of a bill of discovery, and would be an examination of the defendant by bill and answer, which is not permitted by the Code.

Besides, the words "facts constituting a cause of action" in the Code, (§ 142,) mean those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts.

*Kings Special Term, June,* 1853.—Motion by the defendant to strike out portions of the complaint as "irrelevant and redundant."

The complaint is for relief, and concludes with the following prayer :—

"And the plaintiff asks that the deed so fraudulently obtained be ordered by this court to be set aside and cancelled, or that the said defendant reconvey the said property to the said plaintiff, or that the said deed be re-formed, so as to give this plaintiff the possession of the premises during her life, with a right of way to the said grave-yard, and that the said plaintiff have damages to five hundred dollars for the waste committed upon said premises, or for such other relief as to this court shall seem meet, and that the defendant be enjoined in the meantime against conveying the same to any other party or parties."

The facts constituting the plaintiff's cause of action against the defendant in this case are,—

1st. The defendant, by fraud, obtained from the plaintiff a deed for real estate worth six thousand dollars.

2d. The defendant frauduently drew a deed different from what the plaintiff directed him to draw.

Wooden agt. Strew.

3d. The defendant fraudulently suppressed from the knowl-
edge of the plaintiff portions of the deed which plaintiff signed.

These are the facts in the case—the conclusions—established
by the various acts and circumstances alleged in the complaint.

The defendant, by this motion, contends that the acts and
circumstances alleged and set forth in the complaint are re-
dundant, because they are mere evidence tending to establish
the existence of the alleged frauds; and that the allegations in
relation to the defendant's profession, the manner in which he
became acquainted with the plaintiff, and his ceasing to visit
the plaintiff after he had obtained the deed, are irrelevant, and
could not even be introduced as evidence upon the trial of the
cause.

N. F. WARING, *for plaintiff.*
JOHN A. LOTT, *for defendant.*

MORRIS, Justice. The proper determination of this motion
depends upon a correct construction of the Code of Procedure.
The portions of the Code applicable to this question are the
following: viz., §§ 140 and 142, in relation to the form and con-
tents of a complaint. § 168, that all material allegations alleged
in the complaint, and not controverted by the answer, are to be
taken as true; § 159, that every subsequent pleading be veri-
fied (except a demurrer) when the previous pleading was veri-
fied; § 389, abolishing all suits for discovery, and directing
that no party shall be examined by the adverse party except in
the manner prescribed by the 6th chapter of the Code. Chap-
ter 6 prescribes the manner in which an adverse party is to be
examined, and § 395 provides, that when an adverse party is
under examination by his opponent, he may be examined in his
own behalf. Each of these provisions of the Code must be
so construed and applied as to give full effect and power to the
others. I will now apply the provisions of all these sections
to the complaint under consideration.

The allegations in the complaint which are objected to con-
sist of the averments of the occurring of various distinct acts,
conversations, omissions, and intentions of the defendant, tend-

ing to show that he committed the fraudulent act, for which he is prosecuted. Each of these allegations assert the occurrence of a circumstance that would be relevant testimony upon the trial of the cause ; but neither of them, nor all combined, are the fraudulent act for which the defendant is prosecuted. If these allegations are legally in the complaint, the complaint being upon oath, the defendant, by section 159, is obliged to answer upon oath whether they are true or false ; or should he not deny them in his answer, they are, under the 168th section, deemed to be true, and would be read upon the trial as evidence in the cause. This construction would give the complaint the full effect of a bill of discovery, and would be an examination of the defendant by bill and answer. Such operation of a complaint is not permitted, because § 389 of the Code abolishes all suits for discovery, and directs that no party shall be examined by the adverse party except in the manner prescribed by the 6th chapter of the Code.

The 6th chapter of the Code provides that parties are to be examined in the same manner as witnesses ; and that when a party is introduced as a witness by the adverse party, he may also be examined on his own behalf. These provisions of the Code are inconsistent with the right to retain in the complaint the allegations objected to.

Section 142, subdivision 2, in relation to the form and contents of a complaint, is as follows :—

§ 142. "The complaint shall contain,"

2d. "A plain and concise *statement of the facts constituting a cause of action,* without unnecessary repetition."

This section must be so construed as to give full effect to the other provisions of the Code alluded to, and that can only be done by deciding that the words "facts constituting a cause of action" mean those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of the fact.

Motion of defendant granted, with $10 costs of motion.