THE DAVENPORT GAS LIGHT AND COKE COMPANY v. THE CITY OF DAVENPORT.

1. CONSTRUCTION OF CONTRACT. While litigation was pending between the Davenport Gas Light and Coke Company and the city of Davenport, to determine the validity of a contract which had been entered into between the parties for supplying the public lamps of the city with gas, an agreement was entered into between the parties, whereby it was stipulated, that "said company shall have the privilege of shutting off the gas from the public lamps until the question of the validity of the contract shall be decided by the courts, and no existing right of said company, or of the

The Davenport Gas Light and Coke Company v. The City of Davenport.

city shall be prejudiced or affected, but the contract, if now valid, shall be and remain so to the same extent as though said company had not shut off the gas." It was held, that the company was not precluded by the terms of the agreement from recovering against the city the difference between the cost of furnishing the gas and its value according to the terms of the contract, the validity of the contract having been sustained in said litigation.

2. SAME: VIOLATION OF CONTRACT. The agreement made pending the litigation did not destroy any right which accrued to either party, by reason of a refusal to perform the contract on the part of the other.

3. PLEADINGS: DEMURRER. A demurrer should employ language which will point to the *fact* upon which it is claimed that the court has no jurisdiction, or that no sufficient cause of action has been stated, but it is not necessary to state the reasons which lead the mind of the pleader to this conclusion.

4. SAME: REDUNDANCY. Where an answer traverses the plaintiff's cause of action, or states matter in confession and avoidance, and also contains superfluous or redundant matter, such redundancy should be corrected by motion and not by demurrer. But where the matter pleaded does not amount to a denial, or to a confession and avoidance, the defect may be reached by demurrer.

5. ANSWER. A sufficient answer must either deny the allegations of the petition or confess and avoid the same.

6. SAME. A division of an answer which does not purport to relate to any particular count in the petition, will be considered with reference to the whole petition, and when such a division is insufficient as to any one count, it will be treated as insufficient as to all.

7. OBJECTION. An objection to a pleading will not be considered when it is made for the first time in the Supreme Court.

8. PARTIAL DEFENSE. The defendant may set up a partial defense to plaintiff's claim, but it must be pleaded as such.

9. PLEADINGS: FACTS AND EVIDENCE. Facts and not evidence should be pleaded. Allegations setting out evidence merely, should be stricken out as redundant and irrelevant.

10. APPEAL: INTERROGATORIES. That an appeal lies from an order of the District Court striking out interrogatories attached to a pleading doubted.

*Appeal from Scott District Court.*

SATURDAY, JUNE 6.

PLAINTIFF appeals from an order sustaining a demurrer to the fifth count of the petition; and overruling one to the

The Davenport Gas Light and Coke Company v. The City of Davenport.

second plea of defendant. For the substance of the pleadings see the opinion.

*Putnam & Rogers* for the appellants.

I. The second plea does not purport to be pleaded to any particular count or counts of the petition, as (if so intended) it is required to do by § 2882 of Revision. Hence it is to be treated as pleaded to the whole petition, and if bad as to any one or more counts, is bad *in toto*. 1 Chit. Plead., 511, 512, 524; *Nevins* v. *Keeler*, 6 John., 63; *Hallet* v. *Holmes*, 18 Id., 28; *Morton* v. *Morton*, 10 Iowa, 58; *Jarvis* v. *Worick*, Id., 29. Now there is nothing in the second plea having the least relevancy to the fourth count in petition, which is in no degree founded on the written contract. Hence the plea is bad and the demurrer should have been sustained.

II. At common law a plea in bar must either traverse or confess and avoid the declaration. This rule is preserved in our Code. Rev., § 2880, subdiv. 2, 3, 4. The phrase "*new matter* constituting a defense," is used in its well understood legal sense—matter which confesses and avoids, as opposed to matter of denial. Bouv. Law Dic., Title "Plea," subdivis. 19, 21. The rule of pleading in question, is not an arbitrary or technical one, but is inherent in the nature of things. It is in no degree infringed upon by the Code. Van Santvoord's Pleading, 239; *Benedict* v. *Seymour*, 6 How. Pr. R., 298; *Lewis* v. *Kendall*, Id., 59; *Buddington* v. *Davis*, Id., 401. And mere matter of evidence, as distinguished from "the ultimate results of evidence," cannot be pleaded under the Code, any more than at common law. Rev., § 2945.

III. The second plea neither denies, nor confesses and avoids. It will not be pretended that it contains either a "general" or "specific" denial of any part of the petition.

Neither is it good as a plea of "*new matter* constituting a defense," because:

1. It does not confess and avoid—admit the truth of plaintiff's allegations, but do away with their legal effect as establishing a right of action, by new and additional facts. So far as relevant to the case at all, it seems to seek to disprove the plaintiff's allegation in its first count, that it had furnished gas to a certain number of public lamps, by alleging facts which are supposed to show (but do not show) that defendant had not that number of public lamps. In this view, it is bad as being an argumentative plea, and also as pleading mere evidence, which is expressly condemned by the Code. And as to the second and third counts of petition, it is totally irrelevant, not alleging any facts which tend to show, either by way of evidence, argument, or otherwise, that the city did not abandon the contract, as alleged in those counts. In short, as to all the counts but the first, the plea is totally irrelevant, and as to that count, it pleads only matter of evidence and argument.

2. The matters set up in the second plea seem intended to show that the city had not so many public lamps as plaintiff alleges. This, if true, would only go in mitigation of damages, and as such cannot properly be pleaded. Nothing that is not a defense to the action can be pleaded.

3. The matters set up in the second plea do not show that the city had not as many public lamps as the plaintiff alleges. There is nothing in the plea identifying the lamps therein alleged to have been erected by plaintiff without authority from the city, with those mentioned in the petition. And if there were, it does not follow from the facts stated in the plea that the lamps therein mentioned did not become "public lamps." The city may have subsequently adopted and recognized them as such. Defendant has fallen into the error of supposing that whether a lamp is a "public lamp" or not is a question of law; whereas it is a pure

matter of fact, to be found by a jury on evidence. That the matters set up in the plea are only evidence, and not conclusive evidence, is shown by the fact that (as is known to the Court) a jury have found in another case, between the parties, with all these matters before them in evidence, that notwithstanding them all, the lamps did become public lamps; and this Court has approved the verdict. *Davenport Gas Light Company* v. *City of Davenport*, 13 Iowa, 229.

4. The second plea is similar in character to that condemned in the following cases: *Gillis* v. *Black*, 6 Iowa, 439; *Kilbourne* v. *Lockman*, 8 Id., 380—where, in actions of right, defendants undertook, in their answer, to set out plaintiff's title, and point out defects in it. The proper course there was to deny directly the plaintiff's title, as here it was to directly deny that the lamps were "public."

IV. The fifth count is good and the demurrer should have been overruled. By the terms of the agreement between the city and plaintiff, set out in this count, by which plaintiffs were at liberty to shut off the gas pending the then litigation, "*no existing rights* of the company or the city" were to be "prejudiced or affected." The operation of this is, that the company were to be put in no worse situation than if they had continued furnishing the gas, which they had the right to do, under the contract, and to recover the full price therefor, notwithstanding the city's refusal to take or pay for it, as was held by this Court, in the prior suit between the parties. Not having furnished the gas, they do not claim the contract price for it. But they do claim the amount which they would have made as profits, by furnishing it. The company would have been in no default, if they had stopped supplying the gas, without any such agreement with the city, since the city had already violated the agreement by refusing to pay according to the contract, and for that already furnished. *Withers* v. *Reynolds*, 2 Barn. & Ad., 882; *Masterton* v. *Mayor of Brooklyn*,

The Davenport Gas Light and Coke Company v. The City of Davenport.

. 7 Hill, 61 ; 2 Smith's Lead. Cas. (4th Am. ed.), 40 ; Am. note to *Cutler* v. *Powell*, and the cases there cited; *Costigan* v. *The Mohawk and Hudson Railroad Company*, 2 Denio, 610.

*D. L. Shorey*, City Attorney, for the appellee.

1. The demurrer is substantially the general demurrer which does not prevail under the new practice. Rev. 1860, §§ 2894, 2877.

2. It is not necessary that the answer should contain a general or special denial of the allegations of the petition, nor matter of counter-claims, set-off, &c.

3. If it contains allegations of evidence or argument, the remedy is by motion and not by demurrer.

4. The second plea is pleaded in strict accordance with § 2919, Rev. of 1860.

5. The second contract was made at the request of the gas company, and they cannot, after being relieved from the performance of the contract, at their own request, claim damages for a non-performance on the part of the city.

6. The Court erred in sustaining the motion to strike out the interrogatories appended to the answer.

WRIGHT, J.—The first count in the petition sets forth in words the contract between the parties, by which plaintiff undertook to furnish gas for the city for a time therein named, for a specified consideration. The fifth count avers that said contract was fully kept and performed by the parties until the 1st day of July, 1858, when the city refused to receive or pay for the gas, and notified plaintiff of such refusal; that in September, 1858, plaintiff brought suit against the city for gas furnished, notwithstanding such refusal, in the months of July and August of that year; that while said suit was pending (the plaintiff being ready and willing to furnish the gas, according to the contract),

to wit : on the 1st day of October, 1858, an agreement was entered into, as follows :

" Whereas the city council, at a meeting held on the 15th day of September, 1858, adopted the following resolution, to wit :

" *Resolved,* That the city attorney is hereby authorized and required, at the request of the Davenport Gas Light and Coke Company, to enter into a stipulation with said company or their attorney, that the said company shall have the privilege of shutting off the gas from the public lamps until the question of the validity of the contract shall be decided by the courts, and no existing rights of said company or the city shall be prejudiced or affected, but the contract, if now valid, shall be, and remain so, to the same extent as though the said company had not shut off the said gas.

" And, whereas, the said Davenport Gas Light and Coke Company have requested the privilege in said resolution mentioned, and desire said contract to be entered into by said city attorney. And therefore this agreement witnesseth that I, James T. Lane, city attorney of the said city of Davenport, by virtue of the premises heretofore recited, hereby agree and stipulate to and with the said Davenport Gas Light and Coke Company, that said company shall have the privilege of shutting off the gas from the public lamps, until the question of the validity of the contract shall be decided by the courts, and no existing right of said company or the city shall be prejudiced or affected, but the contract, if now valid, shall be and remain so to the same extent as though the said company had not shut off the gas. In witness whereof, &c."

It is also alleged, that in this suit referred to in said agreement, the city answered, denying the plaintiff's right to recover under said contract; that, in December, 1860, a judgment was recovered in the District Court against the

city, which was affirmed in the Supreme Court in June, 1862, the appellate court holding that said contract was valid and binding; that, during the pendency of said suit, to wit, from the 1st of October, 1858, to the — day of July, 1862, plaintiff ceased and omitted to furnish gas to the public lamps, and recovery is therefore sought in damages, to the amount of the profits which plaintiff would have made, under the contract by furnishing gas during said period, alleged to be the sum of fifteen thousand dollars.

The demurrer to this count is, because it appears from the contract that the gas was turned off from the public lamps by the plaintiff and with the consent of defendant, at plaintiff's request, during the period for which the damages are claimed.

The legal substance of this ground of demurrer is, that the count states facts which avoid the cause of action. And these facts are claimed to be found in the agreement of October 1, 1858, the argument being that the gas was shut off at the request of the company — that it was not defendant, but plaintiff, who asked to be relieved from the contract; or conceding that it was the result of a mutual agreement, then there can be no recovery for profits.

Appellee mistakes the purport of this agreement. We do not understand that the company had made any request on the subject prior to the action of the city council. The language of the resolution, under which the city attorney acted, as well as the agreement itself, clearly indicate that the city would consent to shutting off the gas if the company should request it, not because it had, but if it should. It is doing violence to language to say that the company had asked to be released or relieved from its agreement, that the city had consented, and that thereafter the company was estopped from claiming damages under the same.

But whether the company first made the request to shut

off the gas, is not very material, for we think the conclud-
ing part of the resolution and agreement places the matter
beyond controversy. As the city had refused to receive or
pay for the gas to be furnished under the contract, and had
so notified the company, (and this is averred in the plead-
ing and taken to be true,) it was competent for the com-
pany without any agreement to shut off the gas and recover
damages as claimed in this court. The city had violated
the agreement by refusing to pay for the gas already fur-
nished ; had expressly repudiated and notified the company
not to continue the supply, and instead of complying with
the agreement and recovering the contract price, or treat-
ing it as wholly abandoned, it was the right of the com-
pany, whether the city assented or not, to withhold the gas
and recover the difference between the cost of furnishing
and its value by the terms of the contract.

Instead of leaving the matter thus, however, it seems that
out of abundant caution on the part of both parties, the
agreement was made, by which the gas was to be shut off
until the question of the validity of the contract should be
decided by the court " and no existing rights of said com-
pany or the city shall be prejudiced or affected, but the
contract if now valid shall be and remain so to the same
extent as though the said company had not shut off the
gas." Now if this agreement has the effect of depriving
the company of their profits then is it not thereby preju-
diced in an existing right? Will not such a construction
affect a right which was clear and unquestionable, and which
has not been surrendered save by the terms of the instru-
ment, which (under such a view) defeats the leading object
of its execution?

The plain meaning of the agreement is that the parties
mutually undertook to suspend all controversy as to their
respective rights and liabilities, under the contract for fur-
nishing gas, until the question of its validity was settled by

the courts, and when the question was determined they were to be reinstated to all their rights just as they existed, if such agreement mere had been made. No rights were impaired by it, and it certainly was not intended to take away existing ones. We, therefore, conclude that the facts stated in this count do not avoid the cause of action, and that the demurrer should have been overruled.

2d. The second division of the answer demurred to by plaintiff is quite lengthy, and without abstracting the same, we state generally our views of the law applicable to the questions made.

The grounds of demurrer are, that said division " consists of matters of mere evidence or argument, and not of statements of the ultimate results of evidence; that the matter pleaded is neither in denial, nor a confession and avoidance of the petition or of one or more count or counts thereof," and then more specifically that it " does not contain either a general denial of each allegation in the petition or any one or more count or counts, or of any knowledge or information thereof, sufficient to form a belief, nor a specific denial of any material allegation in the petition or in any one or more counts thereof; nor a statement of any new matter constituting a defense to the petition or to any one or more counts thereof, in ordinary and concise language without repetition, nor a statement of any new matter constituting a set-off or a counter-claim, or a cross-demand, or a cross-petition, in ordinary and concise language without repetition." These several grounds of demurrer are consecutively numbered by the pleader as required by the Revision, but we state them as above to place them in a more condensed form.

Appellee first claims that this is substantially the general demurrer, which does not prevail under our system in a law action, and should, therefore, have been overruled. The language of the Revision, § 2894, is that: " When the

facts stated in the answer, or any division thereof are not sufficient to constitute a defense, set-off, counter-claim or cross-demand, the adverse party may demur, and shall be held therein to the same certainty in the statement of his grounds therefor, as obtains in a demurrer to the petition." If a party demurs to the petition it is not sufficient to say, that "the Court has no jurisdiction of the person or subject matter;" that the plaintiff has no legal capacity to sue; "that the petition does not state facts sufficient to constitute a cause of action" or the like, but the demurrer must distinctly specify and consecutively number, as grounds of objections, some matter of error, intended to be argued as a defect in the pleadings. (§ 2877.)

The manner of presenting the grounds of objection to a pleading, must, of course, depend upon the matter or error to be pointed out. In some instances, as when there is a defect of parties, or where the plaintiff has no legal capacity to sue, the demurrer can generally in apt and concise language meet the requirement of the statute, and notify the adverse party of the very objection made. In other instances, and especially when the ground is that the petition or answer does not state facts constituting a cause of action or defense, there is frequently more difficulty in meeting the statutory requirements without doing more and making the demurrer an argument or statement of all the reasons why there is no cause of action or ground of defense. It is no part of the office of a demurrer under the Revision, any more than at common law, to contain an argument, brief of points, or anything else than just such matter as shall call the attention of the opposite party clearly to specific points made by it. The statute condemns the use of such general language, as leaves the party who is to defend his pleading ignorant of what the real objection is, until developed in the argument. But when words are employed which lead the mind to the fact, or ground

The Davenport Gas Light and Coke Company v. The City of Davenport.

upon which it is claimed that the Court has not jurisdiction or that there is no cause of action, the pleader may stop and is not required to give the reasons which have led his mind to this conclusion. These reasons he presents in his argument, and need not before. It was not intended in abolishing the general demurrer, to introduce the profusion of verbiage and degree of particularity and specification found in many records which came before us. While the statute was intended to give a rule which would prevent surprise and the springing of questions of which the opposite party had no notice, it was not designed to relieve counsel of the labor of investigating the reasons which probably would be adduced on argument to sustain the point made.

Thus much generally, not that the remarks are in all their detail suggested by the facts of this case, but because the question is made and discussed by able counsel, and some views in reference to the statute seemed to be proper and necessary. And applying them to this demurrer, we do not think appellees position can be sustained. By the demurrer it is claimed that the plea consists of matter of evidence or argument, and not a statement of the ultimate results of evidence; that it is neither in denial nor in confession and avoidance. Now, let it be remembered, that the objection is not that the plea, does not state facts constituting a defense, but that they are plead neither in denial, nor as " new matter." And thus viewed, how could a demurrer be more specific without entering into all the reasons tending to sustain the conclusion clearly stated? No mind would be in doubt as to the very objection made.

Why it contains matter of evidence—why it consists of mere argument and not of ultimate facts—why it is neither an answer in denial or confession and avoidance, the objecting party states in his argument; but he is not required to

do so before, and, indeed, he could not very well without taking up each sentence or paragraph *seriatum*, and saying that this or that is subject to the objection for the following reasons, stating them.

If an answer contains that which traverses plaintiff's action, or which, confessing that a cause of action once existed, seeks to avoid it by new matter, or matter in avoidance, and should also contain redundant or superfluous matter, a motion and not a demurrer would be the proper method to reach such redundancy. (8 Ohio St. R., 293.) Where, however, it is plead in such a manner as not to amount to a denial, or the setting up of new matter, this being the object and nothing else being claimed for it, the defect may be reached by demurrer. Or to illustrate by this case, the plea under consideration, is not new matter constituting a set-off, counter-claim, cross demand or cross-petition, but is either a general or special denial, or new matter constituting a defense, (for there is no pretense of a want of knowledge or information sufficient to form a belief.)

Then, in the language of the statute, it is matter of defense, and must be either negative, or that which contradicts in whole or in part some fact-proposition of the petition, or affirmative, stating some new matter, to avoid some fact-proposition or legal conclusion of the petition. And if it consists of negative matter, it is to be stated in one division of the answer. Affirmative matter is to be stated in a like distinct division, must be sufficient in itself, and refer intelligibly to that part of the petition to which it is intended to apply. (§§ 2881, 2882.) Treated as a defense then purely, the answer must either deny or confess and avoid, for the very nature and office of such a pleading is to do one or the other; and by the phrase "new matter" is meant that which confesses and avoids, as opposed to matter in denial, whether general or specific.

Let us now examine the matter contained in the division of the answer struck at by the demurrer. And let it be premised that the first division abounds in denials, general and special, of all the mutual allegations of the five counts of the petition. This second division does not purport to answer any particular count or counts, or refer to that part of the petition to which it is intended to apply. It proposes to answer the whole petition, and the rule is well settled as claimed by appellant, that if it is bad as to any one count it is bad as to all. It is very clear that it does not answer in any manner the cause of action set up in the fourth count, and yet it starts out to answer the entire petition. But while, for this reason, we think the pleading is defective, we are of the opinion that appellant cannot urge it for the first time in this court. He should have made the objection specially in the court below, where the defect, technical in its nature, could have been cured.

Nor can we concur in the position that matter in mitigation of damages, or that which constitutes a partial though not an entire defense, may not be plead under our system of practice. A party may allege and prove a partial defense, and may do the same as to matters in mitigation. But it must be plead as such. As is well argued in *Bush* v. *Prosser*, 1 Kern., 352, this is permissible, or a partial defense must be denied entirely, or it must be received on the trial without plea or notice. If, therefore, this division of the answer can be treated as a partial defense, it is not for that reason objectionable. But the position that it falls within the rule requiring a party to specify what part of the whole of several items, are denied, is not tenable. The sections of the Revision, 2918, 2920, referred to, are not applicable. Those sections apply to actions, counter-claims, &c., founded on account, the items of which are to be correctly numbered, and each item to be answered specifically by the adverse party.

This action is not founded on an account within the meaning of the statute.

In the opinion deciding the case between these parties growing out of this contract, (13 Iowa, 229,) it is said "that the issue of fact mainly controverted, and to which most of the instructions have reference, was whether the posts, for the lighting of which this suit is brought were *public* in such a sense as to render the city liable." And it is quite evident that this is still a point in controversy, at least as to all beyond seventy-five. To show that all exceeding that number were not public, that the city was not liable to pay for lighting the same, and that the company was not justified in refusing to furnish gas because of the failure of the city to pay for such excess, is the general object of that portion of the answer demurred to. This is done not as a partial defense, or by way of lessening the damages to be recovered, by denying that the excess over seventy-five were public lamp posts, but by spreading out at length the evidence tending to show that they are not public, but private lamps, and that individuals and not the city are liable to pay for the gas furnished. And this is done to show that the party has an entire defense.

Nothing is more clearly condemned by the Revision, nor with greater justice, than the pleading of statements of evidence, instead of propositions which contain the ultimate results of evidence. Facts, and not the evidence of facts, must be pleaded. (§ 2941 ; *Allen* v. *Patterson*, 3 Seld., 478.) And from any other objection, such a method tends to confuse a case, and impose on the opposite party the duty of specifically traversing facts, which are mere evidence in support of a cause of action, or defense rather than substantive averments to show that a cause of action or defense exists. (*Mode* v. *Strew*, 10 How. Pr., 50 ; *Maloney* v. *Dows*, 15 Id., 261.) And while the duty may be an onerous one, it

should nevertheless be promptly exercised by courts, by striking all such redundant or irrelevant matter from the pleadings whenever the objection is made. And if, instead of being in part irrelevant or redundant, it proposes to answer a whole cause of action, and consists of propositions which are statements of evidence tending to show that there is no defence as to part of the action, it is demurrable.

Defendant, by the first clause of the answer, denies that gas was furnished by the company in the manner and on the terms proved by the contract for the term charged; that there were the number of public lamp posts, stated in the petition; that plaintiff complied with the terms of the contract; that the contract had never been broken by the city; and also the various other matters set out in the several counts. Under these denials all the matter contained in the second division could be applied in evidence. If the city did not have more than seventy-five public lamps, by adoption or otherwise, then she would not be liable for lighting more than that number, and all evidence upon this subject could be introduced under the denials of the first clause without in a pleading attempting to disprove the allegation of the petition by an argument or the introduction of evidence which tends to disprove it.

Not without some difficulty, therefore, in determining the whole purport of the plea, and more doubt perhaps whether from its peculiar phraseology the defect can be reached by demurrer, we conclude that the demurrer should have been sustained. We believe this view to be more in accordance with our system of pleadings; that it tends to prevent confusion and the introduction of irrelevant matter; that it assists in bringing litigants to a single issue, or the very one in controversy; while the contrary rule gives license to a loose and random practice, which neither the common law, nor the modern system countenance, and can only tend to protract litigation and unnecessarily cumber records.

By agreement of parties we are to consider (so far as the matter can be reviewed here), the objection of the defendant, that the court below erred in sustaining plaintiff's motion to strike out certain interrogatories attached to the answer.

The views above expressed dispose of the question. We remark, however, in addition, that it may well be doubted whether an appeal lies to this court from such an order. We incline to the opinion that the case does not fall within any of the subdivisions of § 2632. But without passing upon the question more definitely we hold that there was no error in the order made ruling out said interrogatories.

Reversed.