## FOCKLER v. MARTIN *et al.*

Officer: SHERIFF: LIABILITY FOR FAILURE TO DELIVER PROPERTY
TO SUCCESSOR.  An offer on the part of a sheriff, on the expiration
of his term of office, to deliver attached property to his successor,
discharges the former from future responsibility for the safe
keeping of the property attached, and devolves this duty upon his
successor.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, JULY 26.

ACTION to recover of defendants the value of 170 cords
of fire wood, levied upon by defendant, Ansel E. Martin,

sheriff of Delaware county, as the property of George Maxwell, by virtue of a writ of attachment in an action by plaintiff against said Maxwell, and which wood, it is alleged, was not forthcoming to answer the judgment recovered. A demurrer was sustained to the original and amended answer, and the defendant afterward filed a second amended answer as follows : " That, upon the expiration of his term of office as sheriff, said Ansel E. Martin offered to deliver to William W. Williams, his successor in office, said property mentioned in defendant's former answer in this case, and said Williams waived the delivery of the same to him, and refused to receive the same. And the defendants say that, after the expiration of his term of office and without the knowledge or fault of said Ansel E. Martin, said property was placed beyond the control of said Martin, who became and is unable to produce the same now. And said Martin has demanded said property of said J. H. Peters and A. E. House, who were custodians of the same, and whose receipt is now tendered to plaintiff, being the same receipt mentioned in the former answer of these defendants, and which is now brought into court for the use and benefit of plaintiff. And said Martin used proper care to keep and preserve said property, which was lost or removed by persons unknown to him, to some place or places unknown to him. And said J. H. Peters and A. E. House have failed and refused to respond to said demand, and have failed to deliver said property to said defendant Martin, alleging that said property was lost."

To this answer the defendant demurred, setting up the following grounds:

1st. " Because the facts stated therein do not constitute a defense to the action."

2d. " Because there is no allegation that the bailees of Martin exercised even ordinary care in the safe keeping of the property, and it does not appear that it was not lost

by their fault for which he is liable." This demurrer the court sustained. The cause was tried by a jury, and verdict returned for plaintiff for $389.87. Defendant appeals.

*B. W. Poor* for the appellant.

*Griffith & Knight* for the appellee.

DAY, Ch. J.—I. The first assignment in the demurrer is too general to merit consideration. Rev., §§ 2877 and 2894; *Davenport G. L. & C. Co.* v. *The City of Davenport*, 15 Iowa, 6; *McKellar* v. *Stout*, 13 id. 487; *Jones* v. *Brunskill*, 18 id. 129.

II. The court erred in sustaining the second assignment in the demurrer. The answer distinctly avers that Ansel E. Martin, upon the expiration of his term of office, offered to deliver to his successor in office, William W. Williams, the said property mentioned in plaintiff's petition, and said Williams waived the delivery of the same to him, and refused to receive the same. The demurrer admits the truth of these averments; and the averments, if true, certainly constitute a defense to this action. See *McKay* v. *Thorington*, 15 Iowa, 28, and *McKay* v. *Leonard*, 17 id. 570.

The latter case clearly recognizes the doctrine that an offer upon the part of the outgoing to deliver attached property to the incoming sheriff, and a waiver of delivery by the latter, discharges the former from further responsibility for the safe keeping of the property, and devolves the duty upon the latter. And this must be so upon principle. The Revision, section 391, provides that "the retiring sheriff shall deliver to his successor all books and papers pertaining to the office, and property attached and levied upon." Now this duty to deliver must be attended by an accompanying duty upon the part of the successor

to receive.   If, then, the successor waives actual delivery or refuses to receive the property, why should the retiring sheriff, who no longer has the emoluments of the office, together with his bondsmen, be still liable for the property; and the incumbent, who is paid for discharging his official duties, be exonerated from responsibility?

If it is at the option of the incumbent thus to continue the liability of the outgoing sheriff, it is difficult to see when and in what manner he may be relieved of the responsibilities and burden of his expired term.

It would seem that, when he ceased to derive the benefits of office, he ought to be discharged from its burdens, if he has taken the steps provided by the law for effecting such discharge.   This view of the law the court seems to have adopted in charging the jury that they should find for plaintiff " if Martin was sheriff," as alleged, and " if there was no proof before them of the delivery of the wood, or offer so to do, to his successor in office." But the answer alleging such offer to deliver was held bad on demurrer; the evidence offered for the purpose of proving such tender was ruled out, and properly so, it is argued, because there was no issue before the jury to which the evidence would apply.

Under these circumstances the defendant derived from this instruction the same comfort as did Tantalus from the loaded branches, that ever receded as he put forth his hand to pluck the fruit.

The demurrer should have been overruled.

Reversed.