(20 Misc. Rep. 281.)

CANTNER v. AUERBACH et al.

(Supreme Court, Appellate Term. May 27, 1897.)

PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

A complaint against two defendants, which alleges that they made certain false representations with intent to defraud plaintiff, is not indefinite and uncertain because it does not specify the representations were made by each defendant.

Appeal from city court of New York, general term.

Action by Martha Cantner against Meyer Auerbach and Herman Oppenheimer for deceit. From a reversal of an order requiring plaintiff to make the complaint more definite and certain (44 N. Y. Supp. 601), defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. I. Elkus, for appellant Auerbach.

E. P. Schell, for appellant Oppenheimer.

J. H. Stoutenburgh (H. Parsons, of counsel), for respondent.

McADAM, J. The action is for deceit, and the complaint alleges that the defendants made certain false representations therein specifically stated to the plaintiff, with intent to defraud her, upon the faith of which she parted with her money, which was, in consequence, lost to her. The justice presiding at special term, on the application of the defendants, made an order requiring the plaintiff to make her complaint more definite and certain by stating which of the alleged representations was made by the defendant Oppenheimer, and which by the defendant Auerbach. Upon appeal by the plaintiff the general term reversed the order, and from such reversal the defendants have appealed to this court.

The order of the general term is clearly right. The facts constituting the cause of action required to be stated by section 481 of the Code of Civil Procedure mean those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of the facts. Wooden v. Strew, 10 How. Prac. 48; Butler v. Mann, 9 Abb. N. C. 49; People v. Court of Oyer and Terminer, 83 N. Y. 448; Kelly v. Waterbury, 87 N. Y. 179. The plaintiff had the option of stating the facts as they existed, or according to their legal effect, leaving the defendants, if in the dark as to the proofs which they might be required to meet at the trial, to move for a bill of particulars, or to make the complaint more definite and certain. New York News Pub. Co. v. National S. S. Co., 148 N. Y. 39, 41, 42 N. E. 514. The Code provides (section 546) that:

"Where one or more * * * allegations contained in a pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain, by amendment."

The allegations of the complaint are neither indefinite nor uncertain. They specifically charge both defendants with making fraudulent representations for their joint benefit, and with a common purpose,—that is, to defraud the plaintiff,—and according to the plead-

ing they succeeded in their purpose. The precise meaning and application of the allegations are too apparent to be misunderstood by any one. As the court said in White v. Benjamin, 3 Misc. Rep. 505, 23 N. Y. Supp. 990:

"Fraud assumes so many forms and colors that it has defied all efforts at a complete definition, and the proof in each case must depend upon its own circumstances. * * * The proof usually consists of many items of evidence which, standing detached and alone, would be immaterial, but which, in connection with others, tend to illustrate and shed light upon the character of the transaction, and show the position in which the parties stand, and their motives, conduct, and relations to each other. Although the evidence is generally circumstantial, it is often as potent as direct testimony. Sometimes a combination of circumstances characterizes a transaction so plainly and clearly as to stamp upon it unerring and indelible marks of fraud which cannot be mistaken."

To compel the plaintiff to amend her complaint in the manner and to the extent required by the special term, justice would force her to allege not only the representations made by each defendant on the different occasions referred to in the complaint, but circumstances showing the connection of one with the other, that the combination between the defendants might be clearly made to appear. It would be tantamount to requiring the plaintiff to plead her evidence,—a course not warranted by the rules of practice. Baylies, Code Pl. 22; Moak's Van Santv. Pl. (3d Ed.) 249. As the learned author last cited says (at page 590):

"A statement of evidence, instead of the facts, can answer no possible good end, and is in itself a prolixity and redundance which the court will correct."

It follows that the order appealed from must be affirmed, with costs. All concur.