GRAY WHITLOW, BY HIS NEXT FRIEND, J. C. WHITLOW, v. SOUTHERN RAILWAY COMPANY AND A. M. KIMBROUGH.

(Filed 8 May, 1940.)

**Pleadings § 29—In action based on negligence, allegations of facts not constituting contributing factors to negligence are properly stricken on motion.**

The amended complaint alleged that the individual defendant negligently and carelessly pointed and fired a pistol at plaintiff, resulting in injury, and that the individual defendant was acting within the scope of his employment by the corporate defendant. *Held:* Allegations that the individual defendant knew or should have known that to point a pistol at any person was in direct violation of C. S., 4216, was properly stricken upon motion, since knowledge of the unlawfulness of such act is not an essential element of the crime delineated by the statute, and allegations that the individual defendant possessed an irritable disposition and a violent and ungovernable temper were properly stricken upon motion, since such facts cannot be contributing factors to negligence, but allegations that the individual defendant was of a nervous disposition were improperly stricken, since nervousness may readily be a concomitant element of negligence, the test of relevancy being the right of the plaintiff to present evidence in support of the allegations upon the trial.

APPEAL by plaintiff from *Grady, Emergency Judge,* at December Term, 1939, of MECKLENBURG.

*Hiram P. Whitacre and J. C. Newell for plaintiff, appellant.*

*W. T. Joyner, John M. Robinson and Hunter M. Jones for Southern Railway Company, defendant, appellee.*

*Grant & Grant for A. M. Kimbrough, defendant, appellee.*

SCHENCK, J. This is an appeal by the plaintiff from a judgment striking out certain portions of the amended complaint in an action to recover damages for personal injuries alleged to have been negligently inflicted by the defendants upon the plaintiff.

The original complaint alleged that the individual defendant, while acting in the scope of his employment as station agent of the corporate defendant, "willfully and maliciously assaulted" the plaintiff "by firing a pistol from the window of the office of the said railway station, the bullet from which struck the infant plaintiff's left leg producing a compound fracture."

The amended complaint, portions of which the court ordered stricken out, abandoned the original allegation of a willful and malicious assault, and alleged that the individual defendant, while acting in the scope of his employment as station agent of the corporate defendant, "negligently and carelessly pointed and fired a pistol or revolver at this plaintiff from

WHITLOW *v.* R. R.

the open window of said depot station, the bullet from which said pistol struck the plaintiff's left leg" thereby causing injury.

The motions of the defendants to strike, which were allowed by the court, related to allegations that the individual defendant was possessed of a nervous and irritable disposition and of a violent and ungovernable temper, all of which was known to the corporate defendant.

We think, and so hold, in view of the fact that the alleged cause of action is now bottomed on negligence, rather than on a willful and malicious assault, the motions were properly allowed as to those allegations relating to the individual defendant's irritable disposition and violent and ungovernable temper, but were improperly allowed as to those allegations relating to said defendant's nervous disposition, or nervousness. Irritability and violent and ungovernable temper could hardly be a contributing factor to negligence, while nervousness may readily be a concomitant element thereof, and the retaining of a person equipped with firearms with which to guard the railway station of which he was in charge, when such person was known to possess a nervous disposition, might constitute negligence on the part of the railway company.

We therefore conclude that the judgment of the Superior Court should be affirmed in so far as it relates to the words "and irritable person; and he was possessed of a dangerous, violent and ungovernable temper," in paragraph 11 of the amended complaint, and reversed in all other respects relating to this paragraph; and affirmed in so far as it relates to paragraph 12 of said complaint; and affirmed in so far as it relates to the words "and possessed of a dangerous and violent temper" in paragraph 13 (d) of said complaint, and reversed in all other respects relating to this paragraph.

We also conclude that the motions to strike were likewise properly allowed in so far as they relate to the words "when he (defendant Kimbrough) knew, or should have known that to point a pistol, loaded or unloaded, at any person was a direct violation of section 4216 of the Code of the State of North Carolina" in paragraph 13 (c), since the knowledge of the unlawfulness of the act of pointing a pistol at another is not an essential element of the crime delineated by the statute.

"On a motion to strike out, the test of relevancy of a pleading is the right of the pleader to present the facts to which the allegation relates in the evidence upon the trial." *Trust Co. v. Dunlop,* 214 N. C., 196, and cases there cited, and *Duke v. Children's Commission,* 214 N. C., 570. When this test is applied to the judgment under consideration, we think it should be affirmed in part and reversed in part.

In those respects indicated the judgment of the Superior Court is affirmed, and in all other respects it is reversed and the case is remanded that the judgment may be modified in accord with this opinion.

Modified and affirmed.