C. MAYLON TRUELOVE, Administrator for the Estate of GERTRUDE TRUELOVE, Deceased, v. DURHAM & SOUTHERN RAILWAY CO.

(Filed 17 March, 1943.)

**1. Pleadings § 3a—**

The function of a complaint is not the narration of evidence but a statement of the material, essential or ultimate facts upon which the plaintiffs claim to relief is founded. Only facts to which the pertinent legal or equitable principles of law are to be applied should be stated.

**2. Negligence § 1a—**

Actionable negligence exists only where one whose acts occasion injury to another owes to the latter a duty, either by contract or by operation of law, which he has failed to discharge; and there must be a causal connection between the breach of duty and the injury.

**3. Pleadings § 29—**

Where, in an action for damages against a railroad for death of plaintiff's intestate from an automobile-train collision at a public crossing, plaintiff alleged as an act of negligence that defendant allowed its train to leave a station ahead of schedule, motion to strike this allegation should have been allowed.

Appeal by defendant from *Harris, J.,* at September Term, 1942, of Harnett. Error and remanded.

Civil action to recover damages for wrongful death resulting from automobile-train collision at a public crossing, heard on motion to strike certain parts of plaintiff's complaint.

After the complaint was filed defendant moved to strike paragraph 7 thereof. The clerk overruled the motion and defendant appealed. When the appeal came on to be heard before the court below the judge reversed the clerk and ordered that said paragraph be stricken from the complaint. At the same time an order was entered permitting the plaintiff to substitute an allegation as follows:

"7. That this plaintiff is advised and believes, and thereupon alleges, that the train which collided with and caused the death of the plaintiff's intestate had left the Town of Dunn, approximately three miles away, about thirty minutes ahead of schedule, while had it left as per regular schedule, which plaintiff's intestate knew and relied upon, as plaintiff is advised and believes, the plaintiff's intestate would not have been hurt; and that said train left Dunn ahead of schedule without any cause or reason therefor, but negligently left ahead of time contrary to schedule as published and posted, and as fixed."

Defendant then moved to strike paragraph 7 as amended. This motion was overruled and defendant appealed.

*Neill McK. Salmon and J. R. Young for plaintiff, appellee.*

*Fuller, Reade, Umstead & Fuller, I. R. Williams, and Dupree & Strickland for defendant, appellant.*

BARNHILL, J.    The function of a complaint is not the narration of the evidence but a statement of the material, essential or ultimate facts upon which the plaintiff's claim to relief is founded. *Winders v. Hill,* 141 N. C., 694; *Revis v. Asheville,* 207 N. C., 237, 176 S. E., 738; *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794; *Hawkins v. Moss, ante,* 95; McIntosh P. & P., 389, sec. 379.    Only the facts to which the pertinent legal or equitable principles of law are to be applied should be stated. *Winders v. Hill, supra; Revis v. Asheville, supra; Hawkins v. Moss, supra.*

Actionable negligence exists only where one whose acts occasion injury to another owes to the latter a duty created either by contract or by operation of law which he has failed to discharge.    There must be an act or omission by which a legal duty or obligation to the complaining party is breached and there must be a causal connection between the breach of duty and the injury.

Conceding, *arguendo,* that it was an act of negligence for the defendant to permit its train to leave Dunn ahead of schedule, such act on its part was in no sense a breach of any duty it owed plaintiff's intestate. Nor does it bear any causal relation to her injury and death.

To contend that if the train had left Dunn on scheduled time it would not have reached the crossing until after the automobile had passed in safety is plausible but not persuasive reasoning.    Accept that and the reverse would be equally true.    Had plaintiff approached the crossing a few minutes earlier or later, or had the automobile been operated just a little faster or slower, no accident would have occurred. Either position is untenable.

The train and the automobile upon which deceased was traveling approached a public crossing at approximately the same time.    This imposed certain duties and obligations on the operators of each and the resulting rights, duties and obligations must be ascertained upon the basis of this primary fact.

If the fact that the train was not running on schedule affected the degree of care either was required to exercise under the circumstances, *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137, it is probative only.    It is a matter of common knowledge that trains are not always "on time" and that extras are frequently operated.    That a train was or was not then due to pass, to the knowledge of the motorist, is merely a circumstance bearing upon the question of due care.    That deceased or the driver of the automobile may have known the schedule of trains did

not relieve them of the duty the law imposes upon one who is approaching and about to cross a railroad track. The track is a warning of danger and the traveler must take notice and govern his conduct accordingly. *Godwin v. R. R., supra.*

It follows that the allegation is not of a material, essential or ultimate fact upon which the plaintiff's right of action depends. It should be stricken from the complaint.

Error and remanded.