E. M. LONG v. FRANK R. LOVE.

(Filed 2 June, 1949.)

1. **Pleadings § 3a—**

> The function of the complaint is to state the ultimate and decisive facts which constitute the cause of action but not the evidence necessary to prove such issuable facts.

**2. Arrest and Bail § 9—**

A defendant may be arrested and held to bail in a civil action in tort to recover for a willful, wanton or malicious injury to the person. G.S. 1-410 (1).

**3. Arrest and Bail § 10—**

In an action for assault and battery in which the provisional remedy of arrest and bail is invoked, it is appropriate for plaintiff to allege in the complaint the facts necessary to support the provisional remedy of arrest and bail, notwithstanding that such facts were also set out in the affidavit filed as a basis for the provisional remedy.

**4. Pleadings § 31—**

In an action for assault and battery in which the provisional remedy of arrest and bail is invoked, motion to strike allegations that the injury was willful, wanton or malicious, is properly denied, since plaintiff is entitled to allege facts necessary to support the provisional remedy. G.S. 1-153.

APPEAL by defendant from *Patton, Special Judge,* at November Civil Term, 1948, of ALAMANCE.

Civil action to recover damages for alleged personal injuries resulting from assault and battery in which the provisional remedy of arrest and bail is invoked.

Defendant in apt time filed motion to strike certain portions of the complaint as being "redundant, tautological and evidential," to his prejudice. The court, being of opinion that the motion should not be granted, denied it in the entirety.

Defendant appeals to Supreme Court and assigns error.

*Cooper, Sanders & Holt for plaintiff, appellee.*
*Thos. C. Carter and Long & Ross for defendant, appellant.*

WINBORNE, J. Upon motion of any party aggrieved, aptly made, the court may strike out irrelevant and redundant matter appearing in a complaint. G.S. 1-153, formerly C.S. 537. Defendant proceeds under this authority, and challenges the decision of the court below in denying his motion. This brings into focus the portions of the complaint to which objection is made.

In this connection it is provided by statute that the complaint must contain, among other things, "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." G.S. 1-122. Moreover, it is pertinent to note what is the function of a complaint. In *Winders v. Hill,* 141 N.C. 694, 54 S.E. 440, in opinion by *Walker, J.,* this Court has this to say: "The function of a complaint is not the narration of the evidence, but a statement of the substantive and

constituent facts upon which plaintiff's claim to relief is founded. The bare statement of the ultimate facts is all that is required, and they are always such as are directly put in issue. Probative facts are those which may be in controversy, but are not issuable. Facts from which the ultimate and decisive facts may be inferred are but evidence, and therefore probative. Those from which a legal conclusion may be drawn and upon which the right of action depends are the issuable facts which are proper to be stated in a pleading. The distinction is well marked in the following passage: 'The ultimate facts are those which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts.' *Wooden v. Strew,* 10 How. Pr. 48; 4 Enc. of Pl. & Pr., p. 612." See also *Revis v. Asheville,* 207 N.C. 237, 176 S.E. 738; *Hawkins v. Moss,* 222 N.C. 95, 21 S.E. 2d 873; *Truelove v. R. R.,* 222 N.C. 704, 24 S.E. 2d 537; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412.

Applying the provisions of the statute, G.S. 1-173, and the principle above stated to the complaint in hand, and bearing in mind that plaintiff bases his cause of action upon an alleged willful, wanton and malicious assault and battery committed upon his person by defendant, and invokes the provisional remedy of arrest and bail, G.S. 1-410 (1), we are in accord with the ruling of the court brought into question on this appeal.

A defendant may be arrested and held to bail in a civil action, in this State, for the recovery of damages on a cause of action not arising out of contract where the action is for willful, wanton or malicious injury to person. G.S. 1-410 (1).

Thus it appears that the portions of the complaint to which objection is made relate directly to the ultimate facts, and are within the pale of proper pleading in the statement of a cause of action for recovery of damages for an alleged willful, wanton and malicious injury to person,— on which the aid of arrest and bail is invoked.

And while the record discloses that the arrest and bail was predicated upon affidavits filed, it is appropriate for plaintiff to allege in his complaint facts upon which such remedy may be sustained. Hence the judgment below is

Affirmed.