ALEX DANIEL v. DURWOOD B. GARDNER.

(Filed 5 May, 1954.)

**1. Pleadings § 30—**

A motion to strike made before answer, demurrer, or extension of time to plead, is made as a matter of right rather than of grace, G.S. 1-153.

**2. Pleadings § 3a—**

Allegations which set forth matters foreign and immaterial to the controversy are considered irrelevant; whereas, excessive fullness of detail or the repetition of facts are treated as being redundant.

**3. Pleadings § 31—**

On motion to strike, the test of relevancy is the right of the pleader to present in evidence on the trial the facts to which the allegations relate, and nothing should remain in a pleading over objection which is not competent to be shown in evidence.

**4. Pleadings § 3a—**

The function of a pleading is not the narration of the evidence, but rather the statement of substantive, ultimate facts upon which the right to relief is founded.

**5. Pleadings § 31—**

Allegations which are clearly evidential, irrelevant, or repetitious and probative have no place in stating a cause of action and should be stricken on motion aptly made.

**6. Appeal and Error § 38—**

The burden is on appellant not only to show error but also that the alleged error is material and prejudicial.

**7. Appeal and Error § 40f—**

The denial of a motion to strike matter from a pleading will not be disturbed on appeal unless appellant shows that the matter is irrelevant or redundant, and further shows that its retention in the pleading will cause harm or injustice.

**8. Same—**

On appeal from denial of motion to strike, the Supreme Court will not undertake to chart the course of the trial.

**9. Pleadings § 31: Assault § 4—**

In this civil action to recover damages for assault and battery, allegations as to the peaceful and gentlemanly character of plaintiff and that defendant had been involved in many criminal cases charging him with violation of the liquor laws and engaging in assaults with deadly weapons, and as to the wild and drunken conduct of defendant previous to the occasion in suit, should have been stricken on motion aptly made.

APPEAL by defendant from *Stevens, J.,* at January Term, 1954, of FRANKLIN.

Civil action to recover damages for alleged assault and battery.

The defendant before answering or otherwise pleading moved to strike certain portions of the complaint. The court ruled that the word "small" appearing in paragraph 3 should be stricken, but that otherwise the motion should be denied.

From the order entered in accordance with the foregoing ruling, the defendant appealed, assigning errors.

*Hamilton Hobgood and E. C. Bulluck for plaintiff, appellee.*
*Yarborough & Yarborough for defendant, appellant.*

JOHNSON, J.　The statute, G.S. 1-153, under which the defendant's motion to strike was made, provides: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, . . ." The defendant lodged his motion before answer, demurrer, or extension of time to plead.　This being so, he may claim the benefits of the statute as a matter of right, rather than of grace. *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308.

As bearing upon the interpretation and application of this statute, these propositions may be taken as established:

1. Allegations which set forth matters foreign and immaterial to the controversy are considered irrelevant; whereas, excessive fullness of detail or the repetition of facts are treated as being redundant.　*Newsom v. Newsom,* 40 N.C. 122; *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551; McIntosh, North Carolina Practice and Procedure, p. 378.

2. On motion to strike, the test of relevancy is the right of the pleader to present in evidence upon the trial the facts to which the allegations relate.　*Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410; *Council v. Dickerson's, Inc., supra; Whitlow v. R. R.,* 217 N.C. 558, 8 S.E. 2d 809; *Hildebrand v. Telegraph Co.,* 216 N.C. 235, 4 S.E. 2d 439.

3. Nothing should remain in a pleading over objection which is incompetent to be shown in evidence." *Penny v. Stone,* 228 N.C. 295, 45 S.E. 2d 362; *Duke v. Crippled Children's Commission,* 214 N.C. 570, 199 S.E. 918; *Scott v. Bryan,* 210 N.C. 478, 187 S.E. 756.

4. The function of a pleading is not the narration of the evidence, but rather the statement of the substantive, ultimate facts upon which the right to relief is founded.　It is these ultimate facts that are put in issue by the pleadings; the probative facts are those which may be in controversy, but are not issuable.　"Facts from which the ultimate and decisive facts may be inferred are but evidence, and therefore probative. . . . 'The ultimate facts are those which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts.' " *Winders v. Hill,* 141 N.C. 694, 54 S.E. 440; *Hawkins v. Moss,* 222 N.C. 95, 21 S.E. 2d 873.

5. Allegations which are wholly evidential and probative have no place in stating a cause of action and should be stricken out.　*Hawkins v. Moss, supra; Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47.

6. Nevertheless, allegations in a complaint should be stricken only when they are clearly improper, irrelevant, or unduly repetitious.　*Rhodes v. Jones,* 232 N.C. 547, 61 S.E. 2d 725.

7. Furthermore, to invoke the aid of this Court it is not enough to show error and no more; the burden is on the appellant to show error which is

material and prejudicial. *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *S. v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39.

8. Accordingly, the denial of a motion to strike matter from a pleading under the provisions of G.S. 1-153 is not ground for reversal unless the record affirmatively reveals these two things: "(1) That the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm or injustice to the moving party." *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185. See also *Ledford v. Transportation Co.,* 237 N.C. 317, 74 S.E. 2d 653, and cases cited; *In re Will of Wood, ante,* 134.

9. Nor is it the function of this Court in deciding an appeal from a ruling on a motion to strike to chart the course of the trial in advance of the hearing. *Hildebrand v. Telegraph Co., supra; Pemberton v. Greensboro,* 205 N.C. 599, 172 S.E. 196; *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118.

The defendant's motion to strike relates to nineteen separate portions of the complaint. To set all of them out verbatim and discuss the contextual setting of each would burden this opinion with a tediousness serving no useful purpose. It suffices to say that after examining the complaint and each of the defendant's exceptions in the light of the applicable principles of law, we have reached the conclusion that the following portions of the complaint should be stricken out, and it is so ordered:

1. Strike out all of paragraph 3. It reads as follows: "That the plaintiff is a small farmer who resides on a farm located adjacent to Cedar Rock Baptist Church, Cedar Rock Township, Franklin County, North Carolina, where said plaintiff has engaged in the cultivation of agricultural crops for the past several years. That for his entire life said plaintiff has been a peace-loving and law-abiding citizen, never having been involved in riotous or boisterous conduct, always conducting himself in a gentlemanly and peaceful manner."

2. Strike from paragraph 4 the following: "That previous to the time hereinafter specifically complained of, and on more than one occasion, the defendant has made drunken excursions in Franklin and adjoining counties, shooting at various residents of Cedar Rock Township, and the cars occupied by citizens of this county, and having on previous occasions been involved in many criminal cases in Franklin and Nash Counties as a defendant, wherein the defendant was charged with violation of the North Carolina liquor laws, and engaging in assaults with deadly weapons with intent to kill."

3. Strike from paragraph 5 the following: "That despite the wild and drunken conduct of the defendant as hereinbefore alleged, the defendant was a farmer of Cedar Rock Township, and this plaintiff has, at all times prior to the things hereinafter complained of, been able to associate with the defendant in a pleasant and peaceful manner."

It may be conceded that some of the allegations to which other exceptions relate are somewhat decorative and evidential. Nevertheless, it has not been made to appear that the defendant will be prejudiced by the rest of the challenged averments. Therefore, under application of the doctrine applied in *Ledford v. Transportation Co., supra* (237 N.C. 317), and *Hinson v. Britt, supra* (232 N.C. 379), the defendant's remaining exceptions are overruled.

The plaintiff cites and relies on *Long v. Love*, 230 N.C. 535, 53 S.E. 2d 661, as authority for retention of the portion of paragraph 4 which we are ordering stricken. However, our examination of the record in that case discloses a factual situation clearly distinguishable from the instant case.

Subject to the modifications indicated, the order below is affirmed. Let the plaintiff be taxed with the costs.

Modified and affirmed.