BLUE MAGIC COMPANY OF NORTH CAROLINA, A PARTNERSHIP COM-
POSED OF W. H. HUPLITS, JR., AND MAX M. LEVY, v. ATLANTIC COAST
LINE RAILROAD COMPANY.

(Filed 22 September, 1954.)

**Pleadings § 28—**

   Allegations of evidential rather than ultimate or issuable facts, and of contentions of law, should be stricken on motion aptly made. Such determination is without prejudice to rulings upon the trial as to the competency of the evidence and upon the questions of law.

APPEAL by plaintiffs from *Morris, J.,* May Term, 1954, of WILSON. Modified and affirmed.

Action by plaintiffs to recover from defendant, terminal carrier, with reference to glass bottles purchased by plaintiffs, alleged to have been

damaged while in transit from shipping points in Indiana and Pennsylvania to plaintiffs' plant in Wilson, North Carolina.

Defendant answered the allegations of the complaint. Thereafter, the defendant alleged much new matter under the captions First Further Answer and Defense and Counterclaim, Second Further Answer and Defense, and Third Further Answer and Defense. The hearing below was on plaintiffs' motion to strike twelve numbered paragraphs of defendant's First Further Answer and Defense, all of its Second Further Answer and Defense, and all of its Third Further Answer and Defense. Judgment in the court below allowed plaintiffs' said motion as to paragraph 13 of defendant's First Further Answer and Defense but denied plaintiffs' motion to all other challenged allegations. Plaintiffs appealed from the portion of the judgment denying its motion.

*Gardner, Connor & Lee for plaintiffs, appellants.*

*M. V. Barnhill, Jr., F. S. Spruill, and Lucas & Rand for defendant, appellee.*

PER CURIAM. A careful consideration of the allegations challenged by plaintiffs' motion reveals that the matters alleged are evidential or probative facts rather than ultimate or issuable facts, or that they constitute a narration of defendant's contentions of law. Hence, they have no proper place in defendant's pleading. They are deemed prejudicial. *Daniel v. Gardner, ante,* 249, 81 S.E. 2d 660. Plaintiffs' motion should have been allowed in its entirety. It is so ordered.

Defendant's pleading sufficiently alleges, in allegations not challenged, the ultimate or issuable facts upon which it bases its defense and counterclaim. Rulings as to competency of evidence and as to questions of law will be passed upon at the trial. The allowance of plaintiffs' motion will have no bearing upon the decision of such questions by the trial judge.

Modified and affirmed.