1832.

LEWIS
*v.*
WILSON.

</div>

## Lewis and another *vs.* Wilson.

In a suit in equity, founded upon the original consideration of a sale or upon the security given for purchase money, a defendant may set up in his answer a fraud or deceit in the sale or a breach of warranty, and show a total or partial failure of consideration. It prevents circuity of action.

Therefore, where a draft was given upon the sale of certain merchandize, and, by remissness, it was not endorsed, and a bill was filed to compel payment or an endorsement, a defendant had a right to set up in his answer the same matters of defence which he would have been entitled to make at law. Exceptions for impertinence overruled.

This case came before the court on exceptions to the report of a master allowing exceptions to the defendant's answer, for impertinence. The bill was filed to compel the defendant to pay or endorse a draft which had been given for the purchase of a quantity of dried fish for the West India market, and which draft, by inadvertence or mistake at the time, had not been endorsed. The defendant set up the circumstances under which he was induced to purchase the fish; their badness, and that some of them were of a different kind and inferior to what the complainants had represented; also, a notice of the loss in the article before the draft became due; and an offer to pay the net proceeds upon a resale, in full of the draft. He charged a knowledge in the complainant as to the state of the fish, and the kind of article which had been furnished, amounting to fraud. Three exceptions for impertinence embraced all this matter, and were allowed by the master.

<div style="text-align:right">

*February* 27,
1832.

*Pleading.*

*Pertinency of answer.*

</div>

Mr. *Thomas G. Fletcher*, for the defendant and against the report.

Mr. *Daniel B. Tallmadge*, for the complainants.·

*May* 7. THE VICE-CHANCELLOR. The defendant admits that his omission to endorse the draft arose through mistake ; and the complainants therefore insist he is bound to supply the omission according to the contract, so as to enable them to sue at law, where the defendant will also have a remedy or be at liberty to make his defence, if what he alleges is true.

In an action at law, founded upon the original consideration of a sale or upon the security given for the purchase money, the defendant may give in evidence, under a notice with his plea, a fraud or deceit in the sale or a breach of warranty and may show a total or partial failure of consideration ; and he will either defeat the action altogether or lessen the amount of the recovery against him according to circumstances. This is perfectly well settled: *Spalding* v. *Vandercook*, 2 *Wend. R.* 431; *Burton* v. *Stewart*, 3 *Ib.* 236; *M'Allister* v. *Reab*, 4 *Ib.* 483, affirmed in Error, 8 *Wend.* 109; *Beecker* v. *Vrooman*, 13 *J. R.* 302. Courts of law have adopted this rule for the purpose of preventing circuity of action, and because they exercise a concurrent jurisdiction with courts of equity in cases of fraud.

Instead of making a defence in such cases in a court of law, the injured party may come into a court of equity for relief against the contract: *per* Spencer, C. J. in *Fleming* v. *Slocum*, 18 *J. R.* 405 ; and, therefore, when called upon here specifically to perform or carry into effect a contract affected by fraud, he may defend himself upon the same grounds which would entitle him to relief if he were a complainant. No good reason can be assigned why the defendant should be precluded from setting up the defence here. The complainants have brought him into this court for the purpose of compelling him to pay the money or to perfect the security ; and should they succeed in obtaining the object of their bill, the defendant may be under the necessity of suing at law for damages or filing a bill in the

Court of Chancery for relief; since, in a suit against the acceptor of the draft, the fraud as between the vendor and vendee may not be admitted as a defence. It is as appropriately the duty of this tribunal as of a court of law to prevent this circuity in the mode of settling the controversy. If, for the purpose of ascertaining the deduction to which the defendant is entitled, it becomes necessary to lay the case before a jury, this court can so direct; and should the defendant fail in establishing a just claim to a deduction or in paying what may be found to be justly and equitably due from him, this court can compel him to endorse the draft, so as to allow the complainant to resort to the acceptor. No injury, therefore, can result to the complainants. On the contrary, if the defendant be shut out from his defence here, and the statements of his answer are true, he will be unnecessarily exposed or needlessly subjected to seek relief in this court by becoming a complainant instead of being a defendant—a situation in which the complainants themselves have placed him.

I think the reasons assigned by the Chancellor in *Reed* v, *The Bank of New Burgh*, 1 *Paige's C. R.* 215, show the propriety of giving the defendant an opportunity at once of bringing forward this matter of defence. What may be its effect is another question; but I cannot, at present, undertake to say the statements in the answer are so entirely irrelevant as to require them to be expunged.

The exceptions to the master's report must be allowed with costs.

Order accordingly.