ROBERT H. PINNIX v. T. C. TOOMEY AND FRANK TOOMEY, PARTNERS, DOING BUSINESS AS TOOMEY BROS. PLUMBING & HEATING COMPANY.

(Filed 30 June, 1955.)

**1. Negligence § 1—**

Actionable negligence presupposes the existence of a legal relationship between the parties by which the injured party is owed a duty imposed by law, by mandate of statute, or by the common-law rule that every person is under an obligation so to act, or so to use that which he controls, as not to injure another.

**2. Same—**

The common-law duty to use due care may be a specific duty owing by defendant to the plaintiff, or a general one owing by defendant to the public, of which the plaintiff is a part.

**3. Same—**

The duty to use due care may arise out of a contractual relationship upon the theory that accompanying every contract is a common-law duty to perform with ordinary care the thing to be done, so that negligent performance may constitute a tort as well as a breach of contract, but in an action for negligence the contract is pertinent only to the extent of showing the relationship between the parties and the nature and extent of the contractual duty performed without due care, and the contract may not be used to substitute a different standard of care from that prescribed by the common-law rule.

**4. Negligence § 16—**

In an action for negligence, it suffices to state in a plain and concise manner the ultimate facts from which the law will imply the legal duty owed by defendant to plaintiff, and the complaint should not contain collateral, irrelevant, redundant or evidentiary matters in respect to the relationship of the parties and the legal duty or duties upon which the plaintiff grounds his cause of action.

**5. Same: Pleadings § 31—**

In this action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties, allegations in regard to the contractual duties of defendant to coordinate his work with the other contractors, to make water and air pressure tests of pipe lines, and to afford other contractors reasonable opportunity for the storage of their materials, are properly stricken when plaintiff fails to allege facts showing that the subcontractor was negligent in the performance of any of these duties. G.S. 1-153.

**6. Appeal and Error § 40f—**

The action of the trial court in striking out a portion of a pleading may not be held prejudicial on appeal when appellant fails to show what the stricken portion contained.

**7. Negligence § 16: Pleadings § 31—**

In this action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties, allegations as to the contractual provisions for arbitration in the event one contractor causes damage to another, subrogation of the owner, the owner not being a party, clearing progress reports and discrepancies with the architect, are all foreign to plaintiff's cause of action as alleged, and are properly stricken on motion.

**8. Same:**

In this action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties, allegations of contractual provisions that where one contractor's work depends for execution on the work of another contractor, the former shall inspect the work of the latter and report any defective work to the architect, and failure to do so would constitute an acceptance on the part of the defendant contractor except for latent defects, *are held* anticipatory of defendants' defense and also calculated to substitute a contractual standard of care for the common-law rule of due care, and such allegations are properly stricken on motion.

**9. Same—**

In this action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties on specific allegations of faulty workmanship, allegations in regard to defendants' contractual duty to provide materials for the project are irrelevant to the cause of action as stated, and are properly stricken on motion.

**10. Pleadings §§ 3c, 31—**

In an action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties, allegations that defendants were under duty to perform their contract in accord with the plumbing code of the municipality in question are properly stricken where the complaint nowhere specifically alleges the plumbing code of the city, nor any negligence based on the violation of the city code.

**11. Negligence § 16: Pleadings § 31—**

In this action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties, the action of the court in striking from the complaint a general reference to the North Carolina Plumbing Code is not prejudicial to plaintiff when in other portions of the complaint the pertinent sections of the Code are specifically pleaded.

**12. Same—**

In this action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties, allegations in regard to the contractual duty of defendants in regard to proper support

for underground pipe, back fill for all pipe trenches, the making of specified water and air pressure tests of all lines of piping, all tend to substitute a contractual standard of care for the common-law rule of due care, and are properly stricken on motion.

**13. Same—**

Where the facts alleged are sufficient for the law to imply a duty of defendants to warn of defects in their work, a specific averment of such duty is not necessary, and plaintiff is not prejudiced by the action of the court in striking such averment.

**14. Same—**

Custom or common practice relates to evidentiary facts bearing on the question of due care and may be shown under the allegations of ultimate facts showing negligence, and therefore plaintiff is not prejudiced by the trial court in striking from the complaint allegations relating to custom or common practice.

**15. Appeal and Error § 401—**

Where defendants move to strike allegations of the complaint referring to a statute on the ground that the allegations are irrelevant and evidentiary, but do not attack the constitutionality of the statute in the lower court, they may not question the constitutionality of the statute initially in the Supreme Court.

**16. Constitutional Law § 8c: Pleadings § 31—In action for negligence in performance of contractual duties, plaintiff may allege violations of Building Code.**

This action was instituted by a general contractor against a subcontractor to recover for damages allegedly caused by negligence in violating provisions of the North Carolina Building Code in the performance of the subcontract. Defendant moved to strike the allegations referring to the Code on the ground that the Code failed to provide fixed standards upon which actionable negligence might be based because its standards were subject to relaxation or modification by the Building Code Council with the approval of the Insurance Commissioner. *Held:* The objection is untenable when all portions of the Code incorporated in the complaint and all allegations of negligence based thereon relate to provisions which remain precisely as set out in the original Code adopted by legislative enactment, and which were thus given the force of law. The constitutionality of the statute (G.S. 143-139) not being challenged in the lower court, the presumption of constitutionality is indulged.

**17. Appeal and Error § 40f—**

The refusal to strike certain allegations from the complaint will not be held for reversible error, even though some of the allegations be of doubtful materiality and others be somewhat evidential, when it is not made to appear that movants will be prejudiced by the retention of such allegations in the pleading.

**18. Negligence § 16: Pleadings § 31—**

In this action by the general contractor to recover against a subcontractor for negligence in the performance of contractual duties, allegations

referring to contractual duties under contract were properly stricken on motion as tending to substitute such contractual duties for the common-law rule of due care. *Held:* It is error for the court to refuse to strike other allegations based on negligence in the violation of the contractual duties which had been stricken.

APPEAL by plaintiff and defendants from *McSwain, Special Judge,* at 1 November, 1954, Civil Term of GASTON.

Civil action in tort by general contractor to recover for damage to a school building in process of construction, due to the alleged negligence of the defendants, plumbing contractors. The plaintiff and the defendants were engaged in the building project under separate written contracts with the Board of Education of Mecklenburg County, whereby the plaintiff was to furnish the materials and labor in connection with the general contract work, and the defendants the plumbing materials and labor. The gravamen of the plaintiff's cause of action as stated in his second amended complaint is that the defendants in performing their plumbing contract did their work in a negligent manner, as a result of which underground water lines broke and so flooded the foundations of the building that large sections of the walls and underpinning erected by the plaintiff caved in, broke off, and had to be rebuilt.

The complaint incorporates and refers to numerous sections of the plumbing contract between the defendants and the Board of Education, and also alleges that the defendants violated various specific sections of the North Carolina Building Code.

The defendants, before answering or otherwise pleading, moved to strike numerous portions of the complaint. The portions sought to be stricken relate to the allegations which set forth and refer to the terms and provisions of (1) the construction contract between the defendants and the Board of Education, and (2) the North Carolina Building Code. The court below allowed the motion in part and overruled it in part. Several allegations relating to the contract were ordered stricken; whereas those relating to the Building Code were left in the complaint.

Upon exceptions duly taken, both sides appeal, assigning errors.

*L. B. Hollowell, Mullen, Holland & Cooke, and Jones & Small for plaintiff.*

*Helms & Mulliss, Garland & Garland, and John D. Hicks for defendants.*

### PLAINTIFF'S APPEAL.

JOHNSON, J. The plaintiff's appeal challenges the rulings of the court below in striking from the complaint allegations which incorpo-

rate and refer to specific portions of the contract between the defendants and the Board of Education of Mecklenburg County.

The plaintiff's cause of action sounds in tort. He seeks to recover damages for the alleged actionable negligence of the defendants. Nevertheless, he contends that the pleaded sections of the contract embrace ultimate facts, relevant and pertinent to the statement of his cause of action, as tending to show the relationship of the parties and the nature and extent of the legal duties which he alleges the defendants breached. On the other hand, the defendants, pointing to the fact that the theory of the plaintiff's cause of action as declared on is in tort, and not *ex contractu,* insist that the stricken portions of the complaint were properly eliminated on the ground of irrelevancy.

In resolving the contentions so made by the parties, these principles of substantive and procedural law come into focus:

Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551; *Prosser on Torts,* 1941 Hornbook, Sec. 33. The duty may arise specifically by mandate of statute, or it may arise generally by operation of law under application of the basic rule of the common law which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to endanger the person or property of others. 65 C.J.S., p. 339 *et seq.* This rule of the common law arises out of the concept that every person is under the general duty to so act, or to use that which he controls, as not to injure another. Such duty of care may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part. Moreover, while this duty of care, as an essential element of actionable negligence, arises by operation of law, it may and frequently does arise out of a contractual relationship, the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract. 38 Am. Jur., Negligence, Sec. 20. But it must be kept in mind that the contract creates only the relation out of which arises the common-law duty to exercise ordinary care. Thus in legal contemplation the contract merely creates the state of things which furnishes the occasion of the tort. *Mule Co. v. R. R.,* 160 N.C. 215, 76 S.E. 513. This being so, the existence of a contract is ordinarily a relevant factor, competent to be alleged and proved in a negligence action to the extent of showing the relationship of the parties and the nature and extent of the common-law duty on which the tort is based. Necessarily, then, it is proper for the

complaining party to allege facts from which it can be said as a matter of law that the defending party owed to him a legal duty arising out of a contractual relationship. See *Truelove v. R. R.*, 222 N.C. 704, 24 S.E. 2d 537; *Shives v. Sample*, 238 N.C. 724, 79 S.E. 2d 193. However, it suffices to state in a plain and concise manner the ultimate facts from which the law will imply such duty. 38 Am. Jur., Negligence, Sec. 259. And the complaint should not contain collateral, irrelevant, redundant, or evidentiary matters in respect to the relationship of the parties and the legal duty or duties upon which the plaintiff grounds his cause of action. G.S. 1-153; *Barron v. Cain*, 216 N.C. 282, 4 S.E. 2d 618; *Chason v. Marley*, 223 N.C. 738, 28 S.E. 2d 223; *Guy v. Baer*, 234 N.C. 276, 67 S.E. 2d 47. Furthermore, where the injured party elects to sue in tort rather than in contract, he must accept the standard of care prescribed by the common law as the test of determining actionable negligence, *i.e.*, that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances. *Watkins v. Furnishing Co.*, 224 N.C. 674, 31 S.E. 2d 917; *Rea v. Simowitz*, 225 N.C. 575, 35 S.E. 2d 871. Therefore, any contract provision prescribing a different standard of care from that imposed by rule of the common law is not relevant to the issue of actionable negligence and should be stricken on motion. See *Council v. Dickerson's, Inc., supra.*

Our examination of the complaint in the light of the controlling principles of law leaves the impression that the plaintiff has failed to show prejudicial error in respect to any of the stricken portions of the complaint.

No part of Paragraph 4 was stricken. The allegations of this paragraph suffice to show the legal relationship between the parties, *i.e.*, that in the erection of the school building the plaintiff was the general contractor and the defendants the plumbing contractors, and that each was operating under a separate written contract with the Board of Education of Mecklenburg County. The unstricken portions of the complaint contain allegations of ultimate facts adequate to show all the essentials of actionable negligence, namely: (1) the existence of legal duties on the part of the defendants to protect the plaintiff from the injuries of which he complains, (2) failure on the part of the defendants to exercise ordinary care in the performance of these duties, and (3) damage to the plaintiff proximately resulting from such negligent performance of duty.

Our analysis of the stricken portions of the complaint, with reasons for sustaining the rulings of the trial court, are stated in summary below.

*Paragraph 5.* Here the plaintiff alleges that the contracts made by the Board of Education of Mecklenburg County with the plaintiff and

with the defendants contain a common set of general conditions, and two of these conditions, namely, sections 48(a) and 51(a), are pleaded *verbatim.*

Section 48(a) of the contract provides in gist that all contractors shall cooperate and coordinate their work with each other so as to facilitate the general progress of the work. However, nowhere in the complaint is it alleged by proper averment of facts, as distinguished from mere conclusions of the pleader, that the defendants were negligent in the performance of any legal duty with respect to coordinating their work with that of the plaintiff. Hence Section 48(a) of the contract was properly stricken for irrelevancy.

Section 51(a) incorporates by reference 44 Articles of the Standard Form of Contract of the American Institute of Architects. Of these 44 Articles, only two are set out in the record on appeal. As to the 42 Articles not shown in the record, error in respect to their elimination has not been made to appear. It would seem to be elemental that the action of the trial court in striking out a portion of a pleading may not be held prejudicial on appeal unless the appellant shows what the stricken portion contained.

*Paragraph 6.* Here the plaintiff sets out *verbatim* Articles 34 and 35 of the Standard Form of Contract of the American Institute of Architects.

Article 34 provides that in case one contractor causes damage to another contractor, settlement may be made "by agreement or arbitration." This Article also contains a stipulation for the protection of the owner by way of subrogation over against any contractor who may cause another contractor damage. The arbitration agreement is completely foreign to the theory of the defendants' liability as alleged in the complaint. Also, since the Board of Education is not a party to the action, the subrogation agreement for its protection is completely foreign to plaintiff's cause of action as declared on in the complaint.

Article 35 is in three parts: (1) It stipulates that each contractor in coordinating his work with other contractors shall afford them reasonable opportunity for the storage of their materials. Plaintiff nowhere in the complaint alleges negligence in respect to failure to furnish storage space. Hence the contractual stipulation as to storage space is foreign to the issue. (2) Next, this Article stipulates in gist that where one contractor's work depends for execution or results on the work of another contractor, the former shall inspect the work of the latter and report any defective work to the architect, and failure to so inspect and report shall constitute an acceptance on the part of the dependent contractor, "except as to defects which may develop in the other contractor's work after the execution of his work." The provisions of this part

of the contract are not only anticipatory of the defendant's defense but are calculated to substitute a contractual standard of care for the established rule of the ordinarily prudent man as the test in determining the question of negligence. No such substitution is permissible in a negligence action. *Council v. Dickerson's, Inc., supra* (233 N.C. 472). See also 12 Am. Jur., Contracts, Sec. 458, p. 1042; 38 Am. Jur., Negligence, Sec. 20. (3) The third phase of Article 35 has to do with the procedure to be followed by a contractor in clearing progress measurements and discrepancies with the architect. All this is entirely foreign to the plaintiff's cause of action as alleged. It necessarily follows that Article 35 of the contract was properly stricken from the complaint.

*Paragraph 7.* Here the plaintiff pleads *verbatim* Sections 1, 4, 16(a), 26, 27, and 28(a) of Division 2 of defendant's contract with the Board of Education. These sections deal specifically with the plumbing work.

Section 1 provides in gist that the defendants shall furnish the plumbing materials, as well as the labor, for the project. This stipulation is entirely irrelevant. This is so for one reason, among others, that the plaintiff's cause of action is grounded on specific allegations of faulty workmanship, not materials.

Section 4 stipulates that the plumbing work shall be done in strict accord with the "plumbing code of the State of North Carolina, and of the city of Charlotte." The plumbing code of the City is nowhere specifically alleged (*Lutz Industries v. Dixie Home Stores, ante,* 332), nor does the complaint allege any aspect of negligence based on a violation of the City code. Hence the reference to this code is foreign to the plaintiff's cause of action and was properly stricken. As to the reference to the North Carolina Plumbing Code, it is noted that in Paragraphs 8 and 17 of the complaint this Code is specifically pleaded. Therefore the elimination of the general reference to the State Code in Paragraph 7 was not prejudicial to the plaintiff. *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660.

Sections 16(a) and 28(a) may be treated together. Section 16(a) stipulates that all underground pipe shall be supported on solid brick masonry piers, extending down to firm soil; whereas Section 28(a) prescribes in detail how the back fill for all pipe trenches shall be closed and tamped. These Sections in effect would substitute a contractual standard of care for the common-law rule of the ordinarily prudent man as the test of negligence. For this reason they were properly stricken.

By Sections 26 and 27 of the contract the defendants were required to make certain specified water and air pressure tests of all lines of piping for the purpose of discovering any existing leaks or defects. Again, it is noted that these Sections tend to substitute a contractual standard of care for the established rule of the common law as the test

of negligence.  Also, it is observed that the complaint nowhere contains any allegation of negligence predicated on failure to perform any duty to make tests that may have been imposed by law in connection with the contract.  Therefore the elimination of these sections of the contract may not be held for error.

*Subparagraph (h) of Paragraph 17.*  Here the plaintiff alleges by way of conclusions, without supporting factual averments, that the defendants failed to coordinate their work with that of the plaintiff so as to facilitate the progress of the construction project.  Since this subparagraph is devoid of factual allegation relevant to the cause of action declared on, its elimination by the trial court may not be held for error.  See *Shives v. Sample, supra* (238 N.C. 724), and *Daniel v. Gardner, supra* (240 N.C. 249).

*Subparagraphs (i) and (j) of Paragraph 17.*  Here the court below struck out, in addition to certain conclusions of the pleader, factual allegations to the effect (1) that the defendants failed to warn or notify the plaintiff of the alleged defects in their plumbing work, and (2) that the various acts and omissions of the defendants, as previously alleged, were violative of the law, violative of "generally accepted good practice" (custom), and violative of duties owed the plaintiff by the defendants.  The elimination of these argumentative allegations was not prejudicial to the plaintiff.  True, the breach of a legal duty is an essential element of negligence.  And the complaint in a negligence action must contain proper allegations showing a legal duty owing from the defendant to the plaintiff, which duty the defendant failed to perform, in consequence of which the injury complained of was occasioned.  Therefore the complaint should set forth the ultimate facts showing the relation between the parties out of which the duty to avoid negligence arises under the law—"facts from which it can be said as a matter of law that the defendant owed to the injured party a duty arising from some legal relation existing at the time of the injury."  38 Am. Jur., Negligence, Sec. 259; *Shives v. Sample, supra.*  Where the facts alleged are sufficient for the law to imply a duty to warn, a specific averment of the existence of such duty is not necessary.  65 C.J.S., Negligence, Sec. 186(e), p. 879.  Nor is it necessary for the plaintiff to allege specifically that it was the duty of the defendant to do or not to do a particular thing.  It is enough for him to state in a plain and concise manner the material, essential, and ultimate facts from which such duty appears, or from which the law will imply such duty.  38 Am. Jur., Negligence, Sec. 259.  Accordingly, where the duty violated is one imposed by general or public statute, it is sufficient to allege facts which disclose the duty imposed by statute.  65 C.J.S., Negligence, Sec. 186(f), p. 879.  Also, it is not necessary that custom or common practice be

specifically pleaded. These are evidentiary facts bearing on the question of due care and may be shown under the allegation of ultimate facts showing negligence. 38 Am. Jur., Negligence, Sections 34, 267, and 317-319. The unstricken portions of the complaint sufficiently imply the duties specifically asserted in the stricken portions of subparagraphs (i) and (j), and their elimination will be upheld under application of the general rule that a complaint should not contain collateral, irrelevant, redundant, or evidentiary matters in respect to the relationship of the parties and the legal duty or duties upon which the plaintiff grounds his cause of action. *Barron v. Cain, supra* (216 N.C. 282); *Chason v. Marley, supra* (223 N.C. 738); *Guy v. Baer, supra* (234 N.C. 276).

On the record as presented and in view of the grounds on which we affirm the court below on the plaintiff's appeal, we do not reach for decision the question, discussed in the briefs and debated on the argument, whether the plaintiff is in contractual privity with the defendants by virtue of the provisions of G.S. 160-280.

Also, we have given consideration to the decisions in *Jones v. Elevator Co.*, 231 N.C. 285, 56 S.E. 2d 684, and *S. c.* 234 N.C. 512, 67 S.E. 2d 492, cited and relied on by the plaintiff. The facts in these cases are distinguishable. There the complaint incorporated *in toto* the contract between the defendant and a third party, but no motion was made to strike any part of the contract.

On the plaintiff's appeal, the order entered below is
Affirmed.

### DEFENDANTS' APPEAL.

The defendants' appeal relates to the refusal of the trial court to strike from the complaint allegations of negligence based on (1) the North Carolina Building Code, and (2) portions of the contract between the defendants and the Board of Education of Mecklenburg County.

1. *The allegations relating to the North Carolina Building Code.* First, the defendants make the contention that the statutes, codified as G.S. 143-139 and 143-141, authorizing and ratifying the State Building Code, are unconstitutional, and for that reason they assert the allegations of the complaint based on the Code should be stricken. This contention is untenable since the question of constitutionality does not appear to have been raised in the court below. The grounds of the defendants' motion to strike are that the challenged allegations "are evidentiary, argumentative, irrelevant, redundant, and . . . unnecessary to a plain and concise statement of facts." It is established by authoritative decisions of this Court that when the constitutionality of a

statute is not raised in the lower court, such question may not be presented for the first time in this Court. *Mahan v. Read,* 240 N.C. 641, 83 S.E. 2d 706; *Phillips v. Shaw, Comr. of Rev.,* 238 N.C. 518, 78 S.E. 2d 314. See also *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Bank v. Caudle,* 239 N.C. 270, 79 S.E. 2d 723.

Next, the defendants assert that, assuming the constitutionality of the North Carolina Building Code, the allegations of the complaint based thereon should have been stricken for the reason that the statutes which adopt and authorize the Code prescribe no fixed standards of care.

In following the thread of the defendants' argument, we take note of these steps in the historical development of the present North Carolina Building Code:

1. By Chapter 392, Session Laws of 1933 (now codified in part as G.S. 143-139), a Building Code Council was created and authorized to formulate, in cooperation with the Insurance Commissioner of the State, a building code.

2. A code was so formulated. It was published in 1936 as an official publication of North Carolina State College, under the title "North Carolina Building Code, prepared by the North Carolina Building Code Council," known and identified as "Bulletin No. Ten, Engineering Experiment Station, State College Station, Raleigh."

3. The provisions of the Building Code, as so promulgated and published in 1936, were expressly ratified and adopted by legislative enactment in 1941 (Chapter 280, Sec. 2, Session Laws of 1941, now codified as G.S. 143-139). However, the ratifying act of 1941 provides in effect that the Building Code Council, with the approval of the Insurance Commissioner, may promulgate rules and regulations which shall have the effect of establishing requirements less rigid and less stringent than those set forth in the Code as adopted. It is also noted that Section 6 of the 1933 Act, now codified as G.S. 143-141 (as recompiled in 1952), provides in part:

"It shall be the duty of the Council not only to make recommendations to the Insurance Commissioner relative to the proper construction of the pertinent provisions of the Building Code but it shall also recommend that he shall allow materials and methods of construction other than those required by the Building Code to be used, when in its opinion such other material and methods of construction are as good as those required by the Code, and for this purpose the requirements of the Building Code as to such matters shall be considered simply as a standard to which construction shall conform."

The defendants, pointing to the foregoing statutes and other related enactments which allow the Building Code Council and the Insurance

Commissioner to relax·and vary the standards as fixed by the Building Code as adopted by the Act of 1941, urge that the present Code is without fixed standards upon which actionable negligence may be based. On this record the contention is untenable. None of the challenged allegations involves any modification made by the Building Code Council since the original Code was approved in 1941. On the contrary, all portions of the North Carolina Building Code incorporated in the complaint and all allegations of negligence based thereon relate to provisions of the Code, the terms of which remain precisely as set out in the original Code, formulated and published in 1936 and adopted by legislative enactment in 1941, now codified as G.S. 143-139. The provisions of the Code as so ratified and adopted by the General Assembly prescribe standards of conduct which, indulging the presumption of constitutionality, have the force of law, as explained in detail by *Parker, J.,* in *Lutz Industries v. Dixie Home Stores, ante,* 332. It necessarily follows from what is said in the *Lutz Industries case* that a plaintiff in framing a complaint on actionable negligence may, subject to the general rules governing the form of pleadings, refer to or incorporate material portions of the Building Code as ratified by the statute of 1941.

In the case at hand it may be conceded that some of the challenged allegations relating to the North Carolina Building Code are of doubtful materiality and that others are somewhat evidential. Nevertheless, it has not been made to appear that the defendants will be prejudiced by such averments. Therefore, the exceptions relating thereto are overruled under application of the doctrine applied in *Ledford v. Transportation Co.,* 237 N.C. 317, 74 S.E. 2d 653, and *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185. See also *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660.

2. *The refusal to strike allegations of negligence based on alleged violations of the plumbing contract.* Here the defendants contend that the court below erred in failing to strike subparagraph (g) of Paragraph 17 of the complaint. In this subparagraph the plaintiff alleges negligence on the part of the defendants in failing to back-fill over underground pipes, in violation of Section 28(a) of the plumbing contract between the defendants and the Board of Education. This section of the contract was stricken by the court below. We approved the ruling in deciding the plaintiff's appeal, on the ground that this section of the contract if allowed to remain in the complaint would have the effect of substituting a contractual standard of care for the common-law rule of the ordinarily prudent man as the test of negligence. If Section 28(a) of the contract is irrelevant for the reason stated, manifestly the specific allegation of negligence based thereon as made in subparagraph (g) of Paragraph 17 is also irrelevant and should have been

stricken. The defendants' assignment of error relating thereto is sustained.

It is also noted that in subparagraph (e) of Paragraph 17 of the complaint the plaintiff predicates an allegation of negligence in part on violation of Section 16(a) of the contract. The court below ordered that this Section be stricken, but inadvertently allowed the reference to the section in the later subparagraph to remain. In deciding the plaintiff's appeal, we approved the ruling of the court in striking Section 16(a) on the ground that it was calculated to substitute a contractual standard of care for the rule of the ordinarily prudent man. The reference made in subparagraph (e) of the contract should be stricken when the case goes back to the court below.

On the defendants' appeal, the order entered below will be modified as indicated herein, and as so modified, it will be affirmed.

Modified and affirmed.