COY BILLINGS v. BAXTER H. TAYLOR, TRADING AS TAYLOR CONSTRUCTION COMPANY.

(Filed 2 November, 1955.)

1. **Highways § 4c—Complaint held sufficient to allege negligence in construction of highway resulting in damage to plaintiff's crop.**

    Allegations to the effect that defendant, in constructing a highway contiguous to plaintiff's property, caused great clouds of dust to form and settle on plaintiff's tobacco, causing considerable damage to the crop, which the defendant by due diligence could have prevented by watering the roadway with facilities on hand and available, and that defendant negligently failed and neglected to use such facilities, proximately causing damage to plaintiff's crop in a designated sum, *are held* sufficient to allege actionable negligence in the breach of a legal duty owed by defendant to plaintiff, proximately causing the damage to plaintiff, and demurrer was properly overruled.

2. **Negligence § 20—**

    In an action for negligence it is not necessary for plaintiff to allege specifically that it was the duty of defendant to do or not to do a particular thing, it being sufficient for plaintiff to state in a concise manner the essential, ultimate facts from which such duty appears or will be implied by law.

3. **Same—**

    In an action for negligence it is not necessary that custom or common practice be specifically pleaded, since these are evidentiary facts bearing

on the question of due care, and may be proved under the allegation of ultimate facts showing negligence.

**4. Appeal and Error § 40f—**

> On appeal from an order overruling a demurrer, the Supreme Court will not undertake to chart the course of the trial in advance of the hearing.

APPEAL by defendant from *Sharp, Special Judge,* at June Term, 1955, of WATAUGA.

Civil action to recover for damage to growing tobacco crop, located near a new highway project constructed by the defendant under contract with the North Carolina State Highway and Public Works Commission, due to the alleged negligent and wrongful conduct of the defendant.

The defendant demurred to the complaint for failure to state facts sufficient to constitute a cause of action. The demurrer was overruled, and from judgment based on such ruling the defendant appeals.

*Trivette, Holshouser & Mitchell for plaintiff, appellee.*
*Ward & Bennett for defendant, appellant.*

JOHNSON, J. It may be conceded that much of the complaint deals in generalities and conclusions of pleader. However, when it is stripped of such allegations, enough remains to overthrow the demurrer.

These, in substance, are the crucial, determinative allegations of the complaint: (1) that in the early part of 1954, the plaintiff set out a tobacco crop on his land just off the right of way obtained by the North Carolina State Highway and Public Works Commission for the construction of a new highway; (2) that the defendant contractor in building the highway caused great clouds of dust to form and settle on plaintiff's tobacco, thereby causing considerable damage to the crop "which the defendant by due diligence, . . . could have avoided, by the use of water and water wagons"; (3) "that the defendant at the time . . . had facilities on hand for watering said roadway and plenty of water was available for use in keeping down the dust and dirt so that it would not damage the . . . tobacco crop of the plaintiff, *but notwithstanding this the defendant negligently failed and neglected to use the same but deliberately made and caused clouds of dust to form and settle on the plaintiff's tobacco crop,* day after day for several days and which caused considerable and permanent damages to the plaintiff's . . . tobacco crop" (italics added) ; (4) that the defendant not only failed and neglected to use the water and watering facilities he had on hand for watering the roadway and keeping the dirt and dust off the plaintiff's tobacco, but he negligently caused greater amounts of dirt and dust to

be stirred up than was reasonably necessary under the existing conditions; (5) that the negligent acts and omissions complained of proximately caused damage to the plaintiff's crop in at least the sum of $1,800.

The foregoing allegations, when taken as true and liberally construed in favor of the plaintiff, as is the rule on demurrer, disclose ultimate facts sufficient to show breach of a legal duty owed by the defendant to the plaintiff, proximately causing damage to the plaintiff. This suffices to allege actionable negligence.

The defendant stresses the failure of the plaintiff to specifically allege (1) that the defendant owed the plaintiff a duty to sprinkle the roadway or (2) that "there was any custom or engineering practice which required the sprinkling of a roadway under construction." As to the first of these factors, it suffices to point out that in the law of negligence it is not necessary for the plaintiff to allege specifically that it was the duty of the defendant to do or not to do a particular thing. It is enough for him to state in a concise manner the essential, ultimate facts from which such duty appears, or from which the law will imply such duty. *Pinnix v. Toomey*, 242 N.C. 358, 87 S.E. 2d 893. And, secondly, it is not necessary that custom or common practice be specifically pleaded. These are evidentiary facts bearing on the question of due care and may be shown under the allegation of ultimate facts showing negligence. *Pinnix v. Toomey, supra.*

The remaining contentions of the defendant, stated in the brief and debated on the argument, have been considered and found to be without substantial merit. Since the case goes back to the trial court, to afford the plaintiff an opportunity to offer his proofs and see if he can make out his case as alleged, we refrain from further comment on the issuable facts or the principles of law which may be applicable thereto. It is not the province of an appeal from an order overruling a demurrer to have this Court chart the course of the trial in advance of the hearing. See recent amendment to our rules, designated as Rule 4 (a), limiting the right of appeal when demurrer is overruled.

Affirmed.