THELMA H. HOLLAND, LINDA R. HOLLAND AND CONNIE H. DENTON, PLAINTIFFS v. E. CECIL EDGERTON, III, INDIVIDUALLY, AND D/B/A EDGERTON MEMORIAL COMPANY, AND E. CECIL EDGERTON, DEFENDANT AND THIRD PARTY PLAINTIFF v. REEVES-BULLA FUNERAL HOME, INC. AND CLARKSBURG CASKET CO., INC., THIRD PARTY DEFENDANTS

No. 8611SC1133

(Filed 5 May 1987)

**1. Dead Bodies § 2; Contribution § 1— improper interment—action in contract—no contribution**

The trial court did not err by dismissing a third party complaint against a casket company and funeral home for contribution where the original complaint was based on breach of the legal duty to construct a mausoleum pursuant to the terms of an express contract rather than on a failure to exercise any general legal duty of care. By the clear language of N.C.G.S. § 1B-1(a), a defendant is not entitled to contribution for a claim against him in contract.

**2. Contribution § 1; Dead Bodies § 2— improper interment—mental anguish—no contribution**

In an action for contribution from third parties arising from the construction of a mausoleum, the allegations in the original complaint seeking damages for mental anguish did not convert the cause of action from breach of contract, for which there may be no contribution, into a tort claim, for which there may be contribution, because damages for mental anguish may be recovered in an action for breach of contract involving treatment and burial of the remains of the dead.

**3. Dead Bodies § 2; Contribution § 1— improper interment—breach of implied warranty—no contribution**

A claim for relief based on breach of implied warranty arising from the construction of a mausoleum gives rise to no right of contribution because it sounds in contract and not in tort. N.C.G.S. § 25-2-314.

**4. Contribution § 1; Dead Bodies § 2— improper interment—reckless infliction of emotional distress—no contribution**

A claim for the intentional infliction of emotional distress excluded the possibility of contribution under N.C.G.S. § 1B-1(c) whether the claim alleged

that defendant intended to cause emotional anguish or that his actions were in reckless disregard as to the likelihood that such emotional distress would result.

APPEAL by third party plaintiff from *Barnette, Judge.* Judgment entered 6 and 7 August 1986 in Superior Court, HARNETT County. Heard in the Court of Appeals 6 April 1987.

Plaintiffs, the widow and two daughters of Samuel Elbert Holland, deceased, commenced this action on 7 March 1986 by filing a complaint naming as defendants E. Cecil Edgerton, III, individually and doing business as Edgerton Memorial Company, and E. Cecil Edgerton. The complaint alleged that the widow of the deceased contracted with defendants to build a mausoleum for the interment of the deceased. Plaintiffs' first claim for relief was that defendants breached this contract by various acts and omissions which resulted in leakage of deceased's body fluids through the base of the mausoleum, causing plaintiffs to incur expenses and entitling plaintiffs to compensatory and punitive damages. Plaintiffs' second claim for relief was that the named defendants' actions were done "with the intention to inflict mental distress upon plaintiffs and/or were done in reckless disregard of the probability of causing plaintiffs mental distress." In the second claim, plaintiffs sought both compensatory and punitive damages.

Defendants filed timely answers, denying the material allegations of the complaint and asserting various defenses and counterclaims. On 23 April 1986, defendant E. Cecil Edgerton, III (hereinafter, Edgerton), filed a third party complaint claiming that, relative to plaintiffs' claims, third party defendants Reeves-Bulla Funeral Home, Inc. (hereinafter, Funeral Home) and Clarksburg Casket Co., Inc. (hereinafter, Casket Co.) were negligent in various respects and that Casket Co. breached certain implied warranties. The third party complaint concluded that if Edgerton is found to have damaged plaintiffs, he would be entitled to contribution from Funeral Home and Casket Co. and prayed that judgment be entered against Funeral Home and Casket Co. for all sums adjudged against defendants.

In their answers, both Funeral Home and Casket Co. asserted as a first defense that Edgerton's third party complaint failed to state a claim for which relief could be granted and should be dismissed. The trial judge agreed and dismissed the

third party complaint against Funeral Home and Casket Co. on 6 and 7 August 1986, respectively. Third party plaintiff Edgerton appealed.

*McLeod, McLeod and Hardison by Kenneth L. Hardison for third party plaintiff-appellant E. Cecil Edgerton, III, d/b/a Edgerton Memorial Company.*

*Anderson, Broadfoot, Johnson and Pittman by Lee B. Johnson for third party defendant-appellee Reeves-Bulla Funeral Home, Inc.*

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog by Paul L. Cranfill and Reid Russell for third party defendant-appellee Clarksburg Casket Company, Inc.*

PARKER, Judge.

At the outset we note that the trial judge entered a final judgment on the third party claim and expressly determined in the judgment that there was "no just reason for delay" pursuant to G.S. 1A-1, Rule 54(b). *See Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976).

The primary issue presented by this appeal is whether third party plaintiff Edgerton is entitled to contribution under the North Carolina version of the Uniform Contribution among Tort-Feasors Act, Chapter 1B of the General Statutes, from third party defendants Funeral Home and Casket Co. for the claims asserted in plaintiffs' complaint. In our view third party plaintiff Edgerton is not entitled to contribution, and we affirm the trial court's dismissal of the third party complaint.

Rule 14(a) of the North Carolina Rules of Civil Procedure provides that a defendant may bring a third party into an action already commenced by service of a summons and a third party complaint where the third party "is or may be liable to him for all or part of the plaintiff's claim against him." The basis of Edgerton's third party complaint in this action is G.S. 1B-1(a), which states:

> Except as otherwise provided in this Article, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrong-

ful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

The plaintiffs' complaint asserts two claims for relief: one for breach of contract, including breach of implied warranties under G.S. 25-2-314, and the other for intentional infliction of mental distress. However, as third party plaintiff Edgerton aptly points out in his brief, the nature of the case depends upon the issues that arise from the pleadings and the relief sought, not the titles used by the parties. *See Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). Therefore, we must carefully review the allegations of plaintiffs' complaint to determine if Funeral Home and Casket Co. could be held jointly and severally liable in tort with Edgerton for the claims asserted by plaintiffs.

[1] In their first claim for relief, plaintiffs allege that plaintiff Linda R. Holland on behalf of her mother, plaintiff Thelma H. Holland, contracted with Edgerton for the purchase, construction, and erection of a mausoleum and that Edgerton breached the contract in the following ways:

(a) by failing to install any drains therein;

(b) by failing to properly seal the joints thereof;

(c) by using stone walls which were not cut properly at the base so as to allow for proper sealing;

(d) by failing to assure that the walls were plumb all around;

(e) by placing the air vents to said mausoleum upside down as to allow moisture to build up inside the mausoleum rather than preventing same and failing to seal around the vents so as to allow insects to enter said mausoleum;

(f) by failing to construct a mausoleum with capacity to protect and preserve the remains of the deceased and the casket;

(g) by constructing a mausoleum which foreseeably was incapable of containing the body fluids of the deceased, which fluids escaped from the wooden casket and from the mausoleum itself;

(h) by failing and refusing to replace the mausoleum or otherwise properly correct the conditions created after being apprised of the same;

(i) by threatening to take the deceased's body and casket out of the mausoleum, set it out in the open on the ground, and take the mausoleum out of the cemetery if the mausoleum was not paid for;

(j) by making harassing and threatening telephone calls to plaintiffs concerning payment for said mausoleum in total disregard of the sensibilities of the plaintiffs;

(k) by failing to inspect the condition of the stone before it was assembled into the mausoleum and by failing to inspect the mausoleum after assembly to make sure it was marketable.

Plaintiffs also allege that defendants were aware of the relationship between plaintiffs and the deceased and knew that plaintiff Linda R. Holland was acting in a representative capacity. The complaint further alleges that plaintiffs Linda R. Holland and Connie H. Denton, daughters of the deceased, were third party beneficiaries of the contract.

The right to contribution is statutory; therefore, it must be enforced according to the terms of the statute. *See Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82 (1961) (decision under prior law). Under G.S. 1B-1(a), a defendant is entitled to contribution where he and one or more other persons are jointly or severally liable *in tort*. By the clear language of the statute, a defendant is not entitled to contribution for a claim against him in contract. There is no right to contribution from one who is not a joint tort-feasor. *Insurance Co. v. Motor Co.*, 18 N.C. App. 689, 198 S.E. 2d 88 (1973). Therefore, the allegations of plaintiffs' complaint that give rise to a claim sounding in contract, not in tort, give rise to no statutory right of contribution under Chapter 1B on the part of third party plaintiff Edgerton.

Edgerton argues, however, that plaintiffs' complaint alleges the unintentional tort of negligence arising from the performance of a contract. According to Edgerton, the complaint alleges injury to parties other than the promisee of the contract. This contention is without merit.

The complaint clearly alleges that the daughters of the deceased, plaintiffs Linda R. Holland and Connie H. Denton, are entitled to damages by reason of their status as third party beneficiaries of the contract between Edgerton and their mother, plaintiff Thelma H. Holland. Moreover, the cases cited by Edgerton to support his argument that plaintiffs' complaint asserts a claim for negligence arising from performance of a contract are inapposite. In *Council v. Dickerson's, Inc.*, 233 N.C. 472, 64 S.E. 2d 551 (1951), and *Pinnix v. Toomey*, 242 N.C. 358, 87 S.E. 2d 893 (1955), cited by Edgerton, the contracts at issue merely created the relationship out of which arose the common-law duty to exercise ordinary care; the contract merely created the state of things which furnished the occasion of the tort. *Pinnix*, 242 N.C. at 362, 87 S.E. 2d at 898. As this Court has stated,

> Under general principles of the law of torts, a breach of contract does not in and of itself provide the basis for liability in tort. Ordinarily, an action in tort must be grounded on a violation of a duty imposed by operation of law, and the right invaded must be one that the law provides without regard to the contractual relationship of the parties, rather than one based on an agreement between the parties.

*Asheville Contracting Co. v. City of Wilson*, 62 N.C. App. 329, 342, 303 S.E. 2d 365, 373 (1983).

In the case before us, plaintiffs' first cause of action is clearly based on the alleged breach of the legal duty Edgerton owed plaintiffs pursuant to the terms of the express contract to construct and erect the mausoleum, not on Edgerton's failure to exercise any general legal duty of care. *See Lamm v. Shingleton*, 231 N.C. 10, 55 S.E. 2d 810 (1949). A tort action does not lie against a promisor "for his simple failure to perform his contract, even though such failure was due to negligence or lack of skill." *Ports Authority v. Roofing Co.*, 294 N.C. 73, 83, 240 S.E. 2d 345, 351 (1978).

[2]   Finally, the relief sought by plaintiff on account of the alleged breach of contract by Edgerton, does not convert the cause of action for breach of contract into a tort claim. In their complaint, plaintiffs allege that as a result of Edgerton's breach of contract they have suffered "severe mental anguish and disturbance of mental and emotional tranquillity." Although the general

rule is that damages for mental anguish suffered by reason of breach of contract are not recoverable, this rule is not absolute. *Lamm*, 231 N.C. at 14, 55 S.E. 2d at 813. Our courts have held that such damages may be recovered in an action for breach of contract where the contract involves treatment and burial of the remains of the dead. *See Lamm, supra. See also Smith v. Funeral Home*, 54 N.C. App. 124, 282 S.E. 2d 535 (1981). Plaintiffs' claim for damages attributable to mental suffering are permissible because of the nature of the contract, not the theory of the suit.

[3] Plaintiffs also allege in their first claim for relief that defendant breached the following implied warranties under G.S. 25-2-314:

> that the mausoleum would pass without objection in the trade, that the mausoleum was merchantable and fit for the ordinary purposes for which such goods are used, and that due and proper care would be used in the construction of the same.

North Carolina courts have consistently held that although the requirement of privity has been relaxed in some cases involving implied warranties, the basis of a claim based on an implied warranty is contractual. *See Tedder v. Bottling Co.*, 270 N.C. 301, 304, 154 S.E. 2d 337, 339 (1967); *Cooper Agency v. Marine Corp.*, 46 N.C. App. 248, 251, 264 S.E. 2d 768, 770 (1980); *Gillispie v. Bottling Co.*, 17 N.C. App. 545, 548, 195 S.E. 2d 45, 47, *cert. denied*, 283 N.C. 393, 196 S.E. 2d 275 (1973). A claim for relief, based on a breach of implied warranty, gives rise to no right of contribution on the part of third party plaintiff Edgerton because it sounds in contract and not in tort. Since plaintiffs' entire first claim for relief is based on contract, there can be no right of contribution under G.S. Chap. 1B, as to that claim.

[4] Plaintiffs' second claim for relief realleges the acts and omissions by defendants recited above and asserts the following:

> The acts of the defendants described herein were done willfully, maliciously, outrageously, deliberately and purposely with the intention to inflict mental distress upon plaintiffs and/or were done in reckless disregard of the probability of causing plaintiffs mental distress . . . .

These allegations form the basis of a claim for intentional infliction of mental distress, a tort. However, G.S. 1B-1(c) states:

> There is no right of contribution in favor of any tort-feasor who has intentionally caused or contributed to the injury or wrongful death.

The language of the statute clearly excludes the possibility of contribution on any claim by plaintiffs for intentional infliction of mental distress.

Edgerton argues, however, that the language concerning acts "done in reckless disregard of the probability of causing plaintiffs mental distress" forms the basis for an unintentional tort, and does not fall within the exclusion of G.S. 1B-1(c). We disagree.

Our Supreme Court first recognized the tort of intentional infliction of mental distress in *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). In reaffirming the *Stanback* decision in *Dickens v. Puryear*, then Justice, now Chief Justice, Exum, writing for the Court, stated:

> This tort [the intentional infliction of mental distress] . . . consists of: (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another. *The tort may also exist where defendant's actions indicate a reckless indifference to the likelihood that they will cause severe emotional distress.*

*Dickens*, 302 N.C. at 452, 276 S.E. 2d at 335 (emphasis added). Based on this language in *Puryear* and on the statutory language of G.S. 1B-1(c), Edgerton is not entitled to contribution from any potential joint tort-feasors under G.S. Chapter 1B, for his liability on the tort of intentional infliction of emotional distress, whether the claim alleges that he intended to cause the emotional distress or that his actions were done in reckless disregard as to the likelihood that such mental distress would result.

In sum, third party plaintiff Edgerton is not entitled to contribution from Funeral Home and Casket Co. based on plaintiffs' first claim for relief because that claim is based in contract and G.S. 1B-1(a) clearly applies only to joint liability in tort. Similarly, third party plaintiff Edgerton is not entitled to contribution based on plaintiffs' second claim because that claim is based on the tort of intentional infliction of mental distress and G.S. 1B-1(c) clearly excludes contribution where the tort is intentional. Therefore, the

trial court's order granting the motions to dismiss the third party complaint are

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.