KING, P.J.,
for the Court:
¶ 1. This appeal arises from the Scott County Circuit Court’s judgment sustaining Eddie Johnson’s, d/b/a Holifield Funeral Home, (“Holifield”) motion for summary judgment. The trial court found that De-lie Shepard executed a written consent, which authorized the hospital to perform an autopsy on her son and to remove and to retain tissues as the physician deemed proper. We find no error and accordingly, affirm the judgment of the trial court.
FACTS
¶ 2. On September 29, 1991, Delie Shepard’s son, Rodney Stowers, was admitted *871 to Golden Triangle Regional Medical Center (Golden Triangle) for injuries sustained earlier that day at a football game. Four days later Stowers died from his injuries. After Stowers’s death, Shepard executed a written authorization allowing the hospital to perform an autopsy on the body. This authorization allowed the examining physician to remove and retain certain tissues and specimens as he deemed necessary. Following the autopsy, Golden Triangle released Stowers body without internal organs to Holifield Funeral Home for burial. After receiving the body, Holifield embalmed and buried it without its internal organs.
¶ 3. In May of 1992 Stowers body was exhumed for a second autopsy. After the exhumation, Shepard discovered the body had been buried without its internal organs. On October 1, 1993, Shepard filed a complaint in Scott County Circuit Court, individually and as administratrix of Rodney Stowers’s estate, against the anesthesiologist, Golden Triangle, Dr. Russell Linton, and Holifield. In May of 1994 the trial court severed and transferred some of the claims to the Lowndes County Circuit Court. Holifield was the only defendant remaining in the Scott County case. Shepard’s claim against Holifield alleged improper burial of her son’s body without internal organs and failure to inform her of the absence of the body’s internal organs.
¶ 4. On May 22, 1998, Holifield filed a motion for summary judgment, which the Scott County Circuit County granted. After the court denied Shepard’s motion to set aside, alter or amend the final judgment, she perfected this appeal.
ANALYSIS OF THE ISSUE AND LAW
I.
Whether the court erred in granting Ho-lifield Funeral Home’s motion for summary judgment.
¶ 5. Shepard contends that the chancellor erred in granting Holifield’s motion for summary judgment because it was not specifically authorized to bury Stow-ers’s body without its internal organs. She asserts that the written authorization for removal and retention of certain tissues and specimens from the body extended only to the hospital and not to Holifield. Shepard alleges that Holifield was negligent in its duty to inform her of the absence of Stowers’s internal organs prior to burial.
¶ 6. When we are asked to review a lower court’s grant of summary judgment, we employ a de novo standard of review. Seymour v. Brunswick Corp., 655 So.2d 892, 894 (Miss.1995) (citing Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 63 (Miss.1988)). In applying that standard, we review all evidentiary matters before us in the record: affidavits, depositions, admissions, interrogatories, etc. Seymour, 655 So.2d at 894. The evidence is viewed in the light most favorable to the nommoving parties, and they are given the benefit of every reasonable doubt. Mississippi Ins. Guar. Ass’n v. Harkins & Co., 652 So.2d 732, 735 (Miss.1995). Summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Id. To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the rule. Baptiste v. Jitney Jungle Stores of Am., 651 So.2d 1063, 1065 (Miss.1995) (citing Lyle v. Mladinich, 584 So.2d 397, 398 (Miss.1991)). Having applied this standard, this Court finds that there were no material issues of disputed fact.
¶ 7. The elements of proof required for negligence include duty, breach of duty, damages and proximate cause. Rolison v. City of Meridian, 691 So.2d 440, 444 (Miss.1997). We agree with the trial court and are persuaded that, in this case, Holi-field owed no duty to inform Shepard of *872 Stowers burial without his internal organs. Shepard admitted that she authorized the hospital to perform an autopsy on her son’s body after his death. The authorization specifically allowed the examining physician to remove and retain tissues and specimens as he deemed appropriate. Mississippi Code Annotated § 41-39-1 (Rev.1993) permits an examining physician to dispose of tissue from the human body by cremation, incineration or burial unless a written request is submitted by someone claiming the dead body prior to removal of the tissue. Nothing in the record suggests that Shepard requested that her son’s organs be replaced after examination. In fact, there is no indication that the examining physician gave Shepard any specific notification of her options in this matter. Nevertheless, Shepard executed the authorization allowing the autopsy based on the assumption that Stowers’s organs would be replaced.
¶ 8. Holifield had no duty to inform Shepard of the absence of her son’s internal organs. The autopsy was a matter between Shepard and other parties and did not involve Holifield. Holifield did not remove, nor did it have control of the internal organs. Nor does the record reflect any discussion between Shepard and Holifield which might give rise to a duty to inform. In the absence of some duty by operation of law or contract, George B. Gilmore Co. v. Garrett, 582 So.2d 387, 391 (Miss.1991) (citing Pinnix v. Toomey, 242 N.C. 358, 87 S.E.2d 893, 897-98 (1955)), Holifield had no actionable obligation to inform Shepard of the missing organs.
¶ 9. We find that there no are issues of fact which are material to the legal principles on which Shepard must depend to establish her claim for negligence against Holifield. We agree with the trial court that summary judgment was proper in this case. We, therefore, affirm the judgment of the trial court.
¶10. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES IS AFFIRMED. APPELLANT IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.